LA SALLE v. TIFT.

1. **Practice**: EXCESSIVE VERDICT: OFFER TO REMIT. An offer to remit a portion of a verdict should state the amount the successful party is willing to remit, otherwise if the verdict is excessive the court may properly grant a new trial.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 24.

ON the 16th day of April, 1870, the plaintiff, together with one George Drain, entered into a written contract with the

defendant, wherein the plaintiff and Drain agreed to plough, prepare the ground and set on lines to be designated by O. A. Gibbs, around the N. W. ¼ of section 28, 79, 38, in Shelby county, two miles of Osage Orange hedge, to cultivate, watch and take care of said hedge, and make it a good and lawful fence, sufficient to turn stock, within four years from the spring of 1870, in consideration whereof the defendant agreed to pay, as soon as the hedge was set in 1870, the sum of forty cents per rod for the setting and care of the hedge the first year, twenty-five cents per rod additional on or before the 15th day of June, 1871, twenty-five cents per rod additional on or before the 15th of June, 1872, and ten cents per rod additional when the hedge shall become a good and lawful fence sufficient to turn ordinary stock. The plaintiff and Drain further agreed to prepare and plough ground enough for three miles around section 2, 18, 39, in said county, and for two miles additional on other land in said county, to be designated by said Gibbs, to prepare said ground and set out an Osage Orange hedge, to cultivate, watch and take care of the same, and make a good lawful fence, sufficient to turn all ordinary stock, within four years from the setting thereof in the spring of 1871, in consideration whereof the defendant agreed to pay the expense of breaking the five miles, as soon as done, at $3.50 per acre, and if the said amount does not equal the sum of forty cents per rod for said five miles to advance, in the spring of 1871 when the hedge is set, enough to make forty cents per rod for said five miles, and to pay twenty-five cents per rod additional on or before the 15th of January, 1872, twenty-five cents additional by June 15th, 1873, and ten cents per rod additional when said hedge is grown sufficiently to make a lawful fence. The contract contains the following provision: " If at the expiration of the time within which the foregoing hedges are to be completed (four years from the setting), any portion thereof shall fail to make a good and lawful fence, said parties of the first part are to pay back to said party of the second part the sum which they receive for setting per rod, with lawful interest on the same for each and every rod of the said seven miles that shall fail to make a good and sufficient fence, to be determined by O. A.

Gibbs aforesaid, or in case of his absence by the county surveyor; it being the understanding that the parties of the first part are to receive pay for every rod of hedge that shall make a good and lawful fence, and refund what they shall receive with interest for the hedge that does not make a good and lawful fence."

This plaintiff alleges that the interest of Drain has been assigned to him; that he did and performed all he was required to do under the contract up to about July 1st, 1873; that immediately upon the completion of the setting of two miles of plants, in 1870, defendant paid the sum of $256.00 as stipulated, but that he refused to make any further payment, and thereby rescinded the contract, and became liable for the value of the fence as it stood when plaintiff abandoned it. The plaintiff claims the sum of $2,000. The answer admits the execution of the contract, but denies all the other allegations of the petition, except the payment of $256, and by way of counter-claim the defendant seeks to recover the amount paid. The cause was tried to a jury, and a verdict was rendered for plaintiff for $1,790. The defendant thereupon filed a motion for a new trial, which was sustained. The plaintiff appeals.

*Clinton Hart & Brewer*, for appellant.

*Cook & Richman* and *Rising, Wright & Baldwin*, for appellee.

DAY, J.—The grounds of the motion for a new trial are that the court erred in its rulings on the admission of evidence, in giving instructions on its own motion, and in refusing to give instructions asked by the defendant, that the verdict is not sustained by the evidence, and is contrary to law and the charge of the court. The motion was sustained generally, and a new trial ordered. The record does not show upon what ground stated in the motion the court granted a new trial. If the action of the court can be sustained upon any of the grounds stated, the judgment must be affirmed. This court interferes more reluctantly with an order of a *nisi prius* court granting, than with one refusing, a new trial.

La Salle v. Tift.

The testimony of the plaintiff shows that he abandoned the contract in the summer of 1873, at which time there were four and one-half miles of good thrifty fence, the other two and one-half miles having been trampled out by stock belonging to Mr. Gibbs' and Mr. Tift's renters. This case was before us on a former appeal, and an opinion was announced at the December Term, 1873, which from some oversight has not been published. The action was originally commenced on the 29th of June, 1871, and was brought to recover the instalments then due. From the findings of the court it appeared that the hedge around the southwest quarter of section 28 was destroyed, without any fault of plaintiff. The plaintiff was permitted to recover for the setting out and care of this portion of the hedge. On account of this the judgment was reversed. The opinion of the court employs the following language: "As we construe the contract, while the plaintiff is entitled to recover for each item of work as done at the prices specified, to be paid at the dates named, yet ultimately he is entitled to only the agreed price per rod for so much of the hedge as shall make a good lawful fence, sufficient to turn ordinary stock * . * * . Under our construction of the contract, then, the plaintiff could not properly recover ultimately for any work done on any part of the hedge fence that did not make a good and lawful fence, sufficient to turn ordinary stock, although the same may have been destroyed without any fault of plaintiff. And under the rule of law above stated, since it is manifest that he cannot perform his contract to make such fence out of the part so destroyed, he can have no right to recover for any work done thereon."

When this case was before us on the former appeal the element of abandonment by the plaintiff, on account of the default of the defendant, was not in it. Still, under the doctrine of the former opinion, the plaintiff cannot recover anything for that portion of the hedge which was trampled out, and had no prospect of becoming a fence, at the time of the abandonment, whatever may be the correct rule as to the portion of the hedge in good condition at the time. Based upon this estimate, and deducting the $256 paid for the setting of

the first two miles, the verdict was for too large an amount, and is not sustained by the evidence.

It is true the plaintiff, at the time the motion for a new trial was submitted, offered in writing to remit so much of the verdict as the court should deem excessive. But the plaintiff did not state the amount which he was willing to remit; nor for what sum he was willing to take judgment. The court might have fixed a certain sum for which the plaintiff should accept judgment, or submit to a new trial. But it was entirely within the discretion of the court whether it would do so or not. The plaintiff, by an offer to remit so much of the verdict as the court should deem excessive, could not cast upon the court the duty of performing the functions of the jury. The action of the court granting a new trial may be sustained upon the ground that the verdict was not supported by the evidence. The parties differ radically as to the law of this case, but, as we are unable to determine from the record what view of the law the court ultimately adopted, we deem it proper for the present not to consider the instructions of the court. The judgment is

*1. PRACTICE: excessive verdict: offer to remit.*

AFFIRMED.