RADER and Others *v.* BARR and Others.

Rule 30 of the Supreme Court provides, that "in every bill of exceptions pur-
porting to set out the evidence upon motion for a new trial overruled, the
words 'this was all the evidence given in the cause,' are to be regarded as
technical, and indispensable to repel the presumption of other evidence." A
bill of exceptions, taken after the rule took effect, after setting out certain
evidence, on motion for a new trial overruled, concluded the statement with
the words, "whole testimony." *Held,* that the Supreme Court could not
presume that the bill of exceptions contained all the evidence.

APPEAL from the *Rush* Circuit Court.

DAVISON, J.—This was a suit by the appellees, who
were the plaintiffs, against the appellants, to correct a mis-
take in a deed. The cause was submitted on complaint,
answer and proofs. The Court found for the plaintiffs. A
motion for a new trial was overruled, and a decree ren-
dered, &c. There is a bill of exceptions, which, after set-
ting forth certain written and oral testimony given on the
trial, states thus: "Whole testimony."

The appellees refer to rule 30 of this Court, and contend
that under it the statement in the bill is not sufficient to
show that the record contains all the evidence. That rule
was in force when this cause was tried, and is as follows:
"In every bill of exceptions, purporting to set out the evi-
dence upon motion for a new trial overruled, the words
'this was all the evidence given in the cause,' are to be
regarded as technical, and indispensable to repel the pre-
sumption of other evidence." It will at once be seen,
that the phrase "whole testimony," does not meet the
requirement of the rule: hence, we are not allowed to pre-
sume that all the evidence given on the trial is contained
in the bill of exceptions.

However, admitting that the record does contain all the
evidence, still the decree must stand. We have examined
it carefully, and are decidedly of opinion that its weight
accords with the decision of the Circuit Court.

The decree must be affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*R. D. Logan*, for the appellants.

*A. W. Hubbard* and *L. W. Sexton*, for the appellees.