# CHICAGO CITY RAILWAY COMPANY
## v.
## MAY C. DUFFIN.

*Personal Injuries—Action for Damages against Street Railway Company—Bill of Exceptions, a Pleading—Action and Rulings of Court—Presumption—Affidavit for Continuance—Improper Remarks of Counsel—Waiver of Objections.*

1. The bill of exceptions is considered a pleading of the party alleging the exception; and, when liable to the charge of ambiguity, uncertainty or omission, it is construed most strongly against the party who prepared it.

2.   The correctness of the action or rulings of the trial court will always be presumed in the absence of anything in the bill of exceptions, or record proper, showing the contrary.

3.   In an action against a street railway company to recover damages for a personal injury, it is *held:* That the evidence sustains the verdict for the plaintiff; that the appellant can not, under the bill of exceptions, predicate error upon the ruling of the court in respect to an affidavit for a continuance; and that objection to certain improper remarks of counsel was waived by the failure of defendant's counsel to preserve an exception.

[Opinion filed June 22, 1887.]

Appeal from the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Messrs. Hynes, English & Dunne, for appellant.

Messrs. Stiles & Lewis, for appellee.

McAllister, P. J.   This was an action on the case by appellee against the appellant corporation to recover damages for a personal injury received by the former in February, 1884, at the corner of 18th Street and Michigan Avenue in the City of Chicago, by reason, as it was alleged, of the carelessness of the conductor upon one of appellant's horse cars, in giving the bell signal to start such car while appellee was in the act of getting upon the same for the purpose of being carried as a passenger, whereby the car being suddenly started in response to said signal, she was violently thrown down, her face striking against some portion of said car as she went, producing in that, and by the manner of her fall upon the ground, a serious bodily injury.   There was a trial by jury under the plea of not guilty, resulting in a verdict for appellee and assessing her damages at $2,500; upon which the court, overruling defendant's motion for a new trial, gave judgment and the latter prosecutes this appeal.

The evidence on behalf of the plaintiff tended to prove her cause of action and the extent of her injury as alleged in her declaration.   The defendant introduced evidence tending to disprove the facts in plaintiff's case, as to the cause of the

injury, and tended to prove that, instead of the car having come to a stop for the purpose of letting the plaintiff get on and then suddenly starting, while she was in the act of doing so, she attempted to get on before the car had stopped, and some way missing her footing, fell to the ground.

The point is made on this appeal, that upon the questions of negligence on the part of defendant and the exercise of ordinary care by plaintiff, the evidence so clearly preponderates in favor of the defendant that the trial court erred in overru ing its motion for a new trial, and this court should, for that reason, reverse that judgment.

We have carefully read the evidence and think that it does not present a case for the interference by this court, with the verdict of the jury, on the ground that it was against the clear weight and preponderance of the evidence, within the established rules of the Supreme Court in that behalf. There were circumstances developed upon the trial strongly tending to support the theory of the plaintiff, which we can not stop to discuss, but notably the absence of the testimony of the conductor of the car, at the time, without any satisfactory explanation or excuse.

There is no complaint on the part of the appellant as to giving or refusing instructions by the court to the jury. There is an assignment of error upon the admission of improper evidence; but upon examination of the record, we think there is not enough in the points made in that respect to justify statements and discussion of them. Two principal points seem to be relied upon by appellant's counsel and which they have discussed with force and ability. As stated by counsel they are : *First*, that at the beginning of the trial a motion was made, based upon the affidavit of an authorized agent of defendant, for a continuance on account of the absence from the State of two witnesses, the affidavit setting out the facts which it was expected to prove by them respectively; that the court held the affidavit sufficient to authorize a continuance, and that thereupon plaintiff's counsel, to avoid such continuance, agreed and consented to admit the affidavit in evidence; that upon the trial the defendant's counsel read in evidence the portions of said

affidavit which set out the facts expected to be testified to by said witnesses, to the jury; that thereupon the court permitted the plaintiff's counsel, against the objections of the defendant, to read in evidence to the jury all the residue of said affidavit, which appellant's counsel insists was incompetent.

*Secondly,* that plaintiff's counsel made improper remarks and statements to or in the hearing of the jury, calculated to create undue prejudice in them against defendant.

It is insisted by counsel for appellee, that the question involved in the first of the above points and as respects the reading of said affidavit in evidence is not presented, and that no proper exception is preserved by the appellant's bill of exceptions.

It has been the settled rule of the Supreme Court of this State since the year 1841, that a bill of exceptions is not to be considered as a writing of the Judge who signs and seals, but that it is to be esteemed as a pleading of the party alleging the exception; and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it. Rogers v. Hall, 3 Scam. 5; McLaughlin v. Walsh, 3 Scam. 185. In McKee v. Ingalls, 4 Scam. 30, the rule was thus stated: "It is the duty of the party excepting to set forth in his bill of exceptions the whole matter necessary to make the very truth of that matter appear; and the omission shall be taken most strongly against him."

It is an established rule of the Supreme and Appellate Courts that, upon appeals and writs of error, the correctness of the action or rulings of the trial court will always be presumed in the absence of anything in the bill of exceptions, or record proper, showing to the contrary.

Now in this case the bill of exceptions fails to show, by any proper statements, that defendant made any motion for a continuance on account of the absence of necessary and material witnesses, and to identify any affidavit as the basis of such motion. It contains no statements as to how or in what way a motion for continuance was disposed of—whether under the statute or by agreement of counsel—nor does it show with any

reasonable certainty that the defendant preserved an exception to the ruling of the court in permitting the plaintiff's counsel to read in evidence the entire affidavit, of, which the defendant's counsel had previously read portions.

All that appears by the bill of exceptions, pertinent to the matter under consideration, is that it states certain conversation between the counsel and presiding Judge, concerning the affidavit, which is not identified as being, or having been, the basis of a motion for a continuance, and counsel for defendant said he would now read the affidavit in evidence, and the bill of exceptions says: "Mr. Hynes reads certain portions of the affidavit of Sumner C. Welch. Mr. Stiles then reads the affidavit entire. Mr. Hynes: I object to the reading of those portions of the affidavit. My point is this, that only so much of the affidavit is admissible as states what is expected to be proved by the absent witnesses. The court: I think he is entitled to read it all."

Then, without any words connecting it with anything in the case, follows a copy of an affidavit purporting to have been made by Sumner C. Welch, after which follow these words: "Exception by defendant."

We are of opinion that, taking this bill of exceptions subject to the rule of construction as above stated, the appellant can not be permitted to predicate error upon the ruling of the court in respect to said affidavit.

The other ground of error arises upon alleged improper remarks made by the counsel for plaintiff to, or in the hearing of the jury. The first of such remarks, as appears by the bill of exceptions, arose while a colloquy was going on between counsel, as respected a former conversation between them. The counsel for defendant said: "I will admit that the gentleman said everything that he possibly could against the company. Mr. Stiles: No, I could have stated that you have killed twenty or thirty on your own line of road. The defendant excepted to the above statement."

There was no repetition of the remark, and we feel justified in saying, without discussion of the point, that it is an insufficient cause for reversal of the judgment.

The other remarks of counsel objected to here were made in his closing speech to the jury, which is incorporated into the bill of exceptions. They are too voluminous to be set out in an opinion. They were very improper, and the counsel would probably have been checked if the court's attention had been called to them by the defendant's counsel. But the latter failed to so object. No exception is preserved, and we think the error was waived by the defendant's counsel not objecting. Earll v. The People, 99 Ill. 123.

Perceiving no substantial error in the record, the judgment below will be affirmed.

*Affirmed.*

### RE-HEARING.

*Per Curiam.* A re-hearing having been granted in this case upon petition of the appellant, we have reconsidered the case upon all the grounds presented in such petition, and have come to the conclusion that the judgment should be affirmed for the reasons given in our opinion.

*Judgment affirmed.*