# Chicago, Milwaukee and St. Paul Railway Company

## v.

## Arthur C. Harper.

*Railroads—Personal Injury—Negligence—Question for Jury—Bill of Exceptions—Instructions.*

1.   In an action against a railroad company to recover damages for a personal injury, resulting in the loss of an eye, this court declines to interfere with the verdict for the plaintiff, the evidence being conflicting.

2.   The question of negligence is a question of fact for the jury, to be determined by them in view of all the facts and circumstances disclosed by the evidence.

3.   Instructions not contained in the bill of exceptions can not be considered by this court.

4.   Where the original bill of exceptions is brought to this court, directions therein to the clerk of the court below to insert instructions and their appearance in the transcript, is insufficient.

[Opinion filed May 31, 1888.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. E. Walker, for appellant.

The plaintiff charges the defendant with negligence in the manner of prosecuting its work of repairing its rails, but the work was being prosecuted in the usual and ordinary manner, and such method was not calculated to cause the injury to the plaintiff, or other persons in the immediate vicinity of the work.   If this usual method would cause chips or pieces of iron to be thrown in all directions, it is certain that this idea had never occurred to the track repairers, or even to the plaintiff, until after this injury.   The defendant had the right to construct, to maintain and operate its tracks in North Branch Street, and it can not be held liable for injuries resulting from

this work, unless it be clearly shown that such work was being prosecuted in a negligent, reckless or careless manner. If this injury had occurred from the driving of a spike during the time of constructing the track, it could not be claimed that the company would be liable, unless it was shown that it was performing such work in a negligent or careless manner. If, while a train had been passing upon these tracks, a small piece of steel or iron had been thrown from the wheel or track, causing injury to the plaintiff, we apprehend the court would not hold that the company was liable for the results of such injury. The same rule should be applied in this case as to the municipality, in a case where an injury is sustained by one of the public, at a time when the city was engaged in repairing its streets. It has the lawful right to make all necessary or needful repairs. It has the right to lay stone walks upon the public thoroughfares; and while such work is being prosecuted, both hammer and chisel are constantly being used, and pieces of stone are thrown in different directions. If a person passing along a street, observing the prosecution of such work, and knowing the danger (if such work is really dangerous), stops or passes so near the repairers as to be injured, would it be held that the city would be liable for the consequences of such injury? If so, no case has been reported, and certainly the city has not been called upon to respond in damages for the result of such injury. The injury of the plaintiff was the result of an accident—purely an accident and nothing more; and the courts have never held that a party was responsible for all accidents that occur daily in the ordinary avocations of life. The ordinary rule is, that an injury without negligence must be attributed to unavoidable accident, for which there can be no recovery. Shearman and Redfield on Negligence, Sec. 5; Patterson's Railway Accident Law, 35; Dygert v. Bradley, 10 Wend. 469; Stewart v. Hawley, 22 Barb. 619; Lawler v. Barring Boom Co., 56 Me. 443; Garris v. P. & R. R. R. Co., 23 N. C. 324; City of Aurora v. Pulfer, 56 Ill. 270; City of Centralia v. Krouse, 64 Ill. 20.

Mr. E. A. SHERBURNE, for appellee.

BAILEY, J.  This was an action on the case, brought by
Arthur C. Harper against the Chicago, Milwaukee and St.
Paul Railway Company, to recover damages for a personal
injury.  At the time of said injury certain of the employes
of the defendant were engaged in repairing one of the defend-
ant's railway tracks running along a public street of the City
of Chicago, and were in the act of cutting a piece off from
the end of a bar of railroad iron by means of a cold chisel
and hammer or beetle, and as the plaintiff was crossing the
street or standing near where said employes were at work, a
small piece of iron was broken off from the iron bar or ham-
mer and flew and struck him in the face and put out his left
eye.  The cause being tried by a jury, the issues were found
in the plaintiff's favor and his damages assessed at $5,000, and
judgment was rendered accordingly.

The evidence as to the negligence of the defendant's em-
ployes and as to the contributory negligence of the plaintiff,
is conflicting, but the jury having resolved the conflict in favor
of the plaintiff, we see no ground for disturbing their finding.
The question of negligence is a question of fact for the jury
to be determined by them in view of all the facts and circum-
stances disclosed by the evidence, and as we are unable to per-
ceive that they have misconstrued or misconceived the evi-
dence, or that they have been actuated by passion or prejudice,
we must accept their finding as conclusive.

Some complaint is made of the rulings of the court in giv-
ing and refusing instructions to the jury, but as the instruc-
tions do not appear in the bill of exceptions they are not open
to review in this court.  The original bill of exceptions is
brought here by stipulation in pursuance of the recent statute
in that behalf, and, on examining that document, we find that
the defendant, instead of copying the instructions into the bill
of exceptions, has merely inserted in the proper places direc-
tions to the clerk to copy them.  Had the clerk prepared a
transcript of the record in the usual way, he might doubtless
have obeyed these directions, and thus embodied the instruc-
tions in the transcript of the bill of exceptions.  As the orig-
inal, however, has been brought here, we are compelled to

consider it as we find it, and we are thereby left wholly without information from the record as to what instructions were given or refused.

The original bill of exceptions is attached to and forms a part of the same document with the transcript of the record proper, and following the bill of exceptions are also included, in the same document, several papers which, from their appearance, we may suppose are the original instructions to the jury. There is nothing, however, either in the recitals or certificates of the clerk, or otherwise, identifying said papers or giving any information as to what they are, and there is certainly nothing appearing from which we have any right to assume that they are the instructions referred to in the bill of exceptions. Indeed, as they now appear, they are no part of the record, and can not properly be considered by us for any purpose.

Where parties expect to bring the original bill of exceptions to this court under the provisions of our present statute, they should see to it that all documents which they desire to preserve in the record are copied into the bill of exceptions *in extenso*, as it is manifest that the loose practice of merely inserting a direction to the clerk to copy such documents in the transcript can not avail them.

As there is no apparent error in the present record the judgment will be affirmed.

*Judgment affirmed.*