# W. N. ALLEY

v.

## MINNIE LIMBERT.

*Practice—Bill of Exceptions—Motion for New Trial—Failure to Embody in.*

1. The only way to preserve a motion for a new trial, and the reasons therefor, so that they may be seen by the court upon review, is to embody the same in the bill of exceptions. This court will not look elsewhere to find matter which can only become part of the record by becoming so embodied.

2. The bill of exceptions is the pleading of the party filing the same, and is to be taken against him, and unless error is made to appear, the action of the trial court must be presumed to be correct.

3. Error can not be assigned on matter on which the trial court has not ruled, and to which that court's attention has not been called.

[Opinion filed April 21, 1890.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. JAMES B. MUIR, for appellant.

Mr. GEORGE B. POWER, for appellee.

MORAN, J. We are prevented from considering the questions argued by counsel for appellant in this case, because of the condition of the record. He makes two points, that the verdict is against the weight of the evidence, and that damages awarded are excessive. The bill of exceptions sets out no motion for a new trial, but contains the following statement, after reciting the verdict:

"Whereupon the defendant, by his counsel, then and there moved the court to set aside the verdict so rendered and grant a new trial in this cause, and filed the following reasons in writing, and affidavits supporting same, for his motion, to

wit: (See affidavits, etc., already copied in this record. See pages, 10, 11, 12.) But the court denied the motion and gave judgment."

It has been frequently held by the Supreme Court, and also by this court, that the only way to preserve a motion for a new trial, and the reasons therefor, so that they may be seen by the court on review, is to embody such motions and reasons in the bill of exceptions. We will not look outside of the bill of exceptions to some part of the record made by the clerk, to find matter, such as instructions, motions and evidence, which can only become part of the record by being embodied in the bill of exceptions itself. We have no right or authority to do so. Franey v. True, 26 Ill. 185; Liverpool L. & G. Ins. Co. v. Sanders, 26 Ill. App. 559; C., M. & St. P. Ry. v. Yando, 26 Ill. App. 601; C., M. & St. P. Ry. v. Harper, 26 Ill. App. 621; C., M. & St. P. Ry. v. Yando, 127 Ill. 214; Butt v. Lee, 27 Ill. App. 419; Byrne v. Clark, 30 Ill. App. 651

Now, the bill of exceptions in this case does recite the filing of a motion for a new trial, but it was a motion which set out the reasons in writing, and neither a copy of the motion nor of the reasons in writing are found in the bill of exceptions. There is a reference to affidavits, etc., and to pages 10, 11 and 12 of the record, but even if we might follow such references, which, from the authorities above cited, it will be seen we are not at liberty to do, we should find no motion for new trial or written reasons therefor on any of the pages referred to. The bill of exceptions is the pleading of the party and to be taken against him, and unless error is made to appear, the action of the trial court must be presumed to be correct. In O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104, it is said: " If plaintiff in error had filed certain points in writing, particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds." In order to sustain the errors assigned by appellant in this court, he must have included them as grounds for the motion

for new trial in the court below, but having set out his rea-
sons in writing, and having failed to show us by the record
what they were, or that the reasons assigned here were among
them, we must presume against him and in favor of the
court below. That is, we must assume that the attention of
the court below was never called to the objections against the
verdict now urged here, and therefore there was no error
committed, for error can not be assigned on matter on which
the trial court has not ruled, and to which that court's atten-
tion has not been called.

Reasons for a new trial having been called to the attention of
the trial court, and appellant being confined here to the reasons
urged there, and it not appearing what the reasons there
assigned were, it is manifestly impossible for this court to say
that the trial court erred in ruling upon the motion.

As there is no error in the record available to appellant,
the judgment of the County Court must be affirmed.

*Judgment affirmed.*