## MARIA S. O'BERNE
### v.
## C. F. ROBINS.

*Pleading—Bill of Exceptions.*

A bill of exceptions is regarded as a pleading by the party at whose instance it is made, and is not to be construed favorably to him.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

Messrs. FREEMAN & WALKER, for appellant.

Messrs. AUGUST MARX and AUSTIN O. SEXTON, for appellee.

WATERMAN, P. J. In this cause the clerk of the court below, by direction of the parties, instead of making a copy of the bill of exceptions, inserted it as a part of the record. The bill of exceptions does not contain the instructions given or refused, or the points in writing filed by appellant, specifying the grounds of the motion for a new trial; it contains merely the direction "here insert." Papers marked "instructions given," and others marked "refused," are placed in the record of the statement of the

O'Berne v. Robins.

evidence. These are not preceded or followed by a state-ment that they are instructions either given or refused by the court; so that the record only presents matter from which we might infer that certain instructions were given and that others were refused. We are not, however, allowed to draw inferences favorable to appellant in this matter. A bill of exceptions is regarded as a pleading by the party at whose instance it is made and is not to be con-strued favorably to him. Rogers v. Hall, 3 Scam. 5; Chicago City Ry. Co. v. Duffin, 24 Ill. App. 28; McLaughlin v. Walsh, 3 Scam. 185; McKee v. Ingalls, 4 Scam. 30; Alley v. Limbert, 35 Ill. App. 592. We are compelled, therefore, in passing upon this case, to leave out of consideration all questions arising upon instructions either given or refused. The evidence in the case was conflicting, and while it may be that, had the case been tried before us, we would have come to a conclusion other than that arrived at by the court and jury upon the trial, yet we can not say that the evidence so preponderates in favor of the appellant that we ought to reverse this judgment. The case, like most causes in which either horses or their conduct is a matter for consid-eration, is one concerning which those who saw the accident out of which this suit has arisen, saw it very differently, and place the blame in accordance with their variant opin-ions, and it is not likely that upon any trial of the case a conclusion entirely satisfactory, and which removed every doubt, would be arrived at. Nor do we think there were any rulings of the court below as to the admission of evi-dence that would justify us in reversing the judgment in this case. Entire freedom from error is not to be expected. The record in this case, while not free from, yet presents no errors so glaring and manifest as to require a reversal of the judgment. It will therefore be affirmed.

*Judgment affirmed.*