HENRIETTA WESSELHOEFT

v.

THE CUDAHY PACKING COMPANY.

*Husband and Wife—Transactions Between—Ownership of Property Attached—Bills of Exceptions.*

1.  In the case presented, property, being attached as that of a husband, was replevied by his wife; this court holds that the evidence justified the verdict of the jury finding that the property belonged to the husband.

2.  Inferences in respect to a bill of exceptions are not to be drawn favorable to the party at whose instance it is made.

[Opinion filed March 4, 1892.]

Appeal from the County Court of Cook County; the Hon. Frank Scales, Judge, presiding.

Mr. P. L. O'Meara, for appellant.

Messrs. Ashcraft & Gordon, for appellee.

Waterman, P. J.  Appellee sued out an attachment against the husband of appellant, and levied upon certain horses, wagons, etc., used by him.  Appellant filed an interpleader, claiming that the property seized upon the attachment writ belonged to her.  The jury found the property in question belonged to D. Wesselhoeft, the husband of appellant, and from the judgment rendered upon this verdict appellant brings this appeal.

Upon the trial in the court below, appellant's evidence consisted principally of the testimony of her husband and herself.  In substance this was that when, eighteen years previous, she was married, she had $200; that her husband being in the meat business allowed her three dollars a week for a hired girl, which money she kept, doing the work herself; that he sometimes on Christmas and other days gave her presents of from $25 to $50; that at times she boarded the help her husband had in his business, and he paid her four dollars a week for so doing; that they moved to Nebraska where he failed in business; that by the means described and by prudence and economy she accumulated considerable means; that she at one time loaned him $1,500 with which to pay debts and return to Chicago; afterward let him have $300 more; that she gave him a portion of the money with which he bought the horses, etc., levied on,

and that she took a bill of sale of the same from J. E. Drom to herself; that she had given a chattel mortgage on the property; that he being indebted to her, it was agreed between herself and her husband that the horses, etc., purchased from J. Drom should belong to her, the money paid by him toward such purchase being considered a payment by her husband to her. We find in this record no sufficient reason for interfering with the conclusions of the court and jury before whom this case was tried. Transactions of this nature between husband and wife are looked upon with suspicion, as it is manifest that the opportunity for the practice of fraud is great.

There is an additional reason for the affirmance of the judgment in this cause. The bill of exceptions purports to contain all the evidence, but as a matter of fact does not. Various papers were introduced upon the hearing, such as a bill of sale, a mortgage, notes, narr. and cognovit. These are not set forth in the bill of exceptions. There is merely the statement, " Interpleader offers bill of sale in evidence, marked Exhibit " A." Following the certificate of the judge before whom the case was tried are certain papers marked " Exhibit A," etc. It is possible for us to infer that these are the papers referred to in the bill of exceptions, the original of which and not a copy has been inserted in the record, and perhaps it may be said to be altogether likely that these are the papers referred to in the bill; but we are not allowed to draw inferences in respect to a bill of exceptions, favorable to the party at whose instance it is made. A bill of exceptions is considered as a pleading of the party by whom it is presented, and is not to be construed favorably to him. Rogers v. Hall, 3 Scam. 5; Chicago City Ry. Co. v. Duffin, 24 Ill. App. 28; McLaughlin v. Walsh, 3 Scam. 185; McKee v. Ingalls, 4 Scam. 30; Alley v. Limbert, 3 Ill. App. 592; O'Berne v. Robins, 44 Ill. App. 76.

The judgment of the County Court will therefore be affirmed.

*Judgment affirmed.*