Jordan v. Vehon.

## Joseph Jordan et al.
## v.
## Henry Vehon.

*Bill of Exceptions—Presumptions—Whether "Testimony" Includes Documentary Evidence.*

1. As to bills of exceptions this court can not indulge in presumptions in favor of the party at whose instance they are made.
2. Whether the statement at the conclusion of a bill of exceptions, "which was all the *testimony* offered or received," is equivalent to the statement that it is all the *evidence* that was offered or received, when it appears that documentary evidence was received, *quaere.*

[Opinion filed March 19, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. George Sparling, C. A. Surine and John C. Patterson, for appellants.

Messrs. Byam, Weinschenk & Hirschl, for appellee.

Waterman, P. J.   In this case it is insisted that the evidence is such that the verdict can not be sustained.

Upon looking at the bill of exceptions, we find that it does not contain all the evidence.   Appellant bases his argument largely upon a certain contract.   The bill of exceptions shows that a written contract was made between the parties.   A written contract was introduced in evidence, the bill of exceptions so states, and says that it is attached thereto.   We find no contract attached, indicated as the one introduced.   A contract is set forth in the bill of exceptions, but there is no designation of it as the one put in evidence.   We might presume that it is, but we are not permitted to indulge, as to bills of exception, in presumptions favorable to the parties at whose instance they are made.   A bill of exceptions is regarded as a pleading and is construed most strongly against the party presenting it. McClaughlin v. Walsh, 3 Scam. 185; Rogers v. Hall, 3 Scam. 5; Rogers v. Hall, 3 Scam. 5; Chicago City Ry. Co. v. Duffin, 24 Ill. App. 28; Alley v. Limbert, 35 Ill. App. 592; McKee v. Ingalls, 4 Scam. 30; O'Berne v. Robins, Oct. Term Ill. App.   The conclusion of the bill of exceptions is, " which was all the testimony offered or received." Where it appears that all the evidence consisted of testimony given by witnesses, such statement may be equivalent to a statement that it is all of the evidence.   Whether, where it appears that documentary evidence was introduced, the statement, " all the testimony," will be held to be the equivalent of " all the evidence " has, so far as we are aware, never been passed upon in this State.   The subject of the omission of the statement from the bill of exceptions that it contains all the evidence, where it is apparent that it does, is considered in Marine Bank v. Rushmore, 28 Ill. 463.

The use of the words " all the testimony " instead of the words " all the evidence," has been a subject of frequent consideration in Indiana.   Rader v. Barr, 7 Ind. 194; Gal-

vin v. State, 56 Ind. 51–56; Lowery v. Carver, 104 Indiana, 447; Woolen v. Wishmier, 70 Ind. 108–114; Hull v. Louth, 109 Ind. 315; Marshall v. State, 107 Ind. 173; Weir Plow Co. v. Walmsley, 110 Ind. 243.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*