## Illinois Central Railroad Co. v. Wheeler.

1. INSTRUCTIONS—*The Term Defined.*—An instruction, within the meaning of the statute, is an announcement to the jury by the court of the rules of law which it is their duty to apply to the facts they may find from the evidence before them.

2. INSTRUCTIONS—*To be in Writing.*—An oral instruction to the jury under the statute and decisions of the courts of this State is not permissible.

3. INSTRUCTIONS—*Must be in Writing—What is, and What is Not—Application of the Law.*—On the trial of an action the court gave the following instruction to the jury in writing, prefacing the same with the oral statement that it was a form for their verdict : * * * "We, the jury, find the defendant guilty, and assess the plaintiff's damages at ——————," and supplemented it by adding thereto, orally, and not in writing, words in effect as follows, viz.: "Inserting such amount, if any, as you may find from the evidence." *It was held,* that the words employed were nothing more than parenthetically telling the jury what they should do with the blank, a mere direction concerning their conduct, and not such an instruction as falls within the meaning of the statute requiring the same to be in writing.

4. DAMAGES—*Six Thousand Dollars not Excessive.*—A party sustained injuries in alighting from a train. He was seventy-two years of age; somewhat crippled and infirm, in consequence of a previous injury, and was obliged to employ crutches when walking about. Up to the time of the injury he was possessed of his normal powers of speech, and was a good penman; by reason of the injury he was, to a considerable extent, deprived of these faculties. His power of moving about was materially impaired; he was in continuous pain, and his capacity to sleep was seriously interfered with. *It was held,* that $6,000 was not so excessive as to warrant a reversal on that ground alone.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the HON. RICHARD W. CLIFFORD, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by the defendant. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed April 6, 1893.

The opinion states the case.

APPELLANT'S BRIEF, C. V. GWIN AND SIDNEY F. ANDREWS, ATTORNEYS.

Appellant contended that the court erred in instructing the jury orally. Sec. 53, Chap. 110, Starr & Curtis Statutes; Brown v. People, 4 Gilm. 439; Ray v. Wooters, 19 Ill. 82; I. C. R. R. Co. v. Hammer, 85 Ill. 526; Greenwich Ins. Co. v. Raab, 11 Brad. 636–9; Abingdon v. Meadows, 28 Ill. App. 442.

The oral instruction as to the assessment of damages was in itself erroneous, and an improper instruction to the jury, even if it had been in writing. Keightlinger v. Egan, 65 Ill. 235; Waldron v. Marcier, 82 Ill. 550–3; James v. Johnson, 12 Brad. 286; Union Stock Y'ds & T. Co. v. Monaghan, 13 Brad. 148; Ayer v. Mead, 13 Brad. 625; Heimsoth v. Anderson, 16 Brad. 151; McGinnis v. Berven, 16 Brad. 354; L. S. & M. S. R. R. Co. v. May, 33 Ill. App. 366.

APPELLEE'S BRIEF, M. L. KNIGHT AND DUNCAN & GILBERT, ATTORNEYS.

Not every direction given to a jury by the judge can be regarded as an "instruction" within the meaning of this statute, for if it were, the ridiculous result would follow that a direction to the jury to seal their verdict, or to avoid talking with any person about the case, or to be on hand promptly at the hour to which the court should be adjourned, or any similar direction, would be required to be in writing. That such directions are not instructions within the meaning of the statute which requires instructions to a jury to be in writing has been repeatedly decided. McCallister v. Mount 73 Ind. 559; Stanley v. Sutherland, 54 Ind. 339.

OPINION OF THE COURT, SHEPARD, J.

The appellee recovered judgment below for injuries sustained while alighting from one of the appellant's suburban trains, at the 39th street station in Chicago.

The cause was tried before a jury, and the judgment was upon the verdict rendered.

No instructions were asked or given in behalf of the plaintiff, and all the instructions asked by the defendant were given.

The plaintiff was seventy-two years of age at the time the injury was received, and was somewhat crippled and infirm, in consequence of a previous injury, so that at the time of this injury he was obliged to employ crutches when walking about.

It was a controverted question of fact, on the trial, whether the injury complained of was occasioned by the negligent attempt of the appellee to move from his seat in the car where he had been sitting and walk to the doorway, before the train had halted, during which he was jerked and thrown forward upon his crutches, or whether it was the result of the negligent starting of the train while he was in the act of stepping, by the aid of his crutches, from the lower step of the car to the station platform, but slightly elevated from the level of the tracks, and being thereby thrown and injured, and also, whether he was injured at all.

It is not our province, but is exclusively that of the jury, to settle controverted questions of fact where it is a mere question of the weight of evidence.

Under the evidence the jury might have found either way, although it seems as if their verdict were better justified by the evidence, in the way they did find, than it would have been if they had found otherwise.

On the assigned error that the damages were excessive, our opinion is that they were not so excessive as to warrant a reversal on that ground alone. The evidence tends to establish that the appellee, up to the time of the injury, was possessed of his normal powers of articulation and speech, and was a good penman, but that because of the injury, these several faculties have been to a very considerable extent deprived him.

Added to these deprivations, his power of moving about has been materially impaired; he has continuous pain, and his capacity to sleep has been seriously interfered with.

It can hardly be said that six thousand dollars is undue compensation for such losses.

The error most seriously urged arises from the supplementing by the court of written directions to the jury, as to the form of verdict, with certain oral statements.

As it appears in the original bill of exceptions:

" The court further gave to the jury, in writing, preceding the same with the oral statement that the same were forms for verdict, the following instruction:

'We, the jury, find the issues for the defendant.'

'We, the jury, find the defendant guilty, and assess the plaintiff's damages at ————,' and completed and supplemented said written instruction by adding thereto, as a part thereof, orally, and not in writing, words in effect as follows, viz: 'Such sum as the jury may believe, from the evidence, the plaintiff is entitled to recover.'"

In the amended bill of exceptions the only change from the foregoing is in the oral supplement, and it is therein made to read as follows:

" Inserting such amount, if any, as you may find from the evidence."

And there is added the following statement by the court: " This amendment is made solely from the personal recollection of the court."

Counsel for appellant, in his brief, fittingly characterizes the difference between the amendment and the original, as that " 'twixt tweedledum and tweedledee;" and in his oral argument to the court, counsel for appellee admitted it to be " a variation without a difference." So, on the motion to strike the amended bill of exceptions from the files, we are not called upon to consider whether it should be granted or not.

The question remains, whether the oral statement to the jury, in whichever form employed, following the written directions of the court, as to the form of their verdict, was such a violation of the statute prohibiting the giving of oral instructions to the jury, as to vitiate the verdict.

It is too late, in view of the numerous decisions of the

courts of this State, based upon the statute referred to, to contend that oral instructions to the jury are permissible.

But was the employment, by the court, of the words quoted, as a supplement and explanation of the use to be made of the blank left in the form of a verdict, in case one should be found in favor of the plaintiff, in any fair or legitimate sense an instruction to the jury?

Courts ought not to be ridiculously technical, and we can not but think such would be a reasonable conclusion, if we were to call a parenthetical explanation of that kind an instruction.

An instruction, within the meaning of the statute, is an announcement to the jury, by the court, of the rules of law which it is their duty to apply to the facts they may find from the evidence before them.

The words employed were nothing more than parenthetically telling the jury what they should do with that blank, and were a mere direction concerning their conduct. Would it be called an instruction if the court were to tell the jury, orally, that it would be proper for them to choose one of their number as foreman, or to announce to them that they could take with them to their room the papers read in evidence, for consideration?

We have not alluded to the question of whether an injury was worked to the defendant, although it is manifest that none could have in fact resulted, when we consider the occasion and connection in which the words were used, nor whether, whichever form of language was employed, it stated a correct rule of law; for the reason that if, by employing such language in such a connection, an instruction in the legal sense were given to the jury, it would be such a violation of a guaranteed right as would raise a presumption of injury.

But we are content with holding that it was no such instruction to the jury as falls within the meaning of the statute.

We discover no substantial error in the record, and the judgment of the Circuit Court will be affirmed.