## Illinois Central Railroad Company v. Matilda Robinson.

1. VERDICTS—*Affidavits of Jurors—Competent to Sustain.*—When a juror in his counter-affidavit contradicts charges of misconduct on his part, made in affidavits read in support of a motion for new trial, the court will be sustained in denying the motion.

2. DAMAGES—*Questions for the Appellate Court.*—The Supreme Court has uniformly held, since the organization of Appellate Courts, that the measure of damages in actions for personal injuries is a question to be finally settled by these courts, and decline to interfere, either upon the ground that the damages assessed are inadequate or excessive.

3. ELEMENTS OF DAMAGES—*Suffering in Body and Mind.*—Where suffering in body and mind is the result of injuries caused by negligence, it is proper to take them into consideration in estimating the amount of damages.

4. COMPENSATORY DAMAGES—*For Personal Injuries.*—Compensatory damages recoverable for personal injuries are not limited to those injuries which impair or destroy the ability of the person injured to earn money for his own support or for the support of his family, but in estimating such damages, pain and suffering, shattering of the nervous system, permanent physical injuries reducing one to the condition of a physical wreck and hopeless invalid, incapacitated to enjoy the pleasures of life, whether the injured was a wage earner or not, are proper elements to be considered by the jury in assessing damages and the court in entering judgment on the verdict.

5. EXCESSIVE DAMAGES—*What Are Not.*—When an unmarried woman, thirty-five years of age, enjoying excellent health, strong and active, her physical condition unimpaired, received injuries, from the result of which she suffered great pain, and became and continued unable to endure fatigue or take active exercise as she had been accustomed, and her nervous system is permanently shattered, a verdict of $7,000 is not excessive.

6. VERDICTS—*The Result of Passion or Prejudice.*—On appeal, a court of review seldom substitutes its judgment on the question of damages in cases of personal injuries for that of the jury and court below, and ought not to do so without it is apparent that the jury were influenced by passion or prejudice in making the assessment.

7. TRIALS—*Conclusions from Statements of the Trial Judge.*—It does not follow because the court stated after argument on the motion for a new trial that the damages assessed by the jury were excessive and that a portion must be remitted, that for such reason alone the amount of damages found was too great, or that the verdict ought to be set aside.

8. REMITTITUR—*Practice of Entering.*—The practice of refusing to enter judgment upon verdicts unless a portion is remitted, is so common and such action so promotive not only of justice but of an ending of

litigation, that it is almost essential to the proper conduct of a jury trial that the court should possess such power.

**Trespass on the Case**, for personal injuries. Appeal from a judgment of the Circuit Court of Marion County; the Hon. GEORGE W. WALL, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict of guilty. Appeal by the defendant. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

### STATEMENT OF THE CASE.

Appellee brought this suit to recover damages for personal injuries received by her while being carried as a passenger on appellant's train, March 22, 1892. The cause was tried by a jury, who returned a verdict finding defendant guilty and assessing plaintiff's damages at $9,500. Defendant entered a motion for a new trial, and afterward, on February 26, 1894, after the motion was argued, the court stated the damages were excessive, and unless the plaintiff would remit $2,500 thereof a new trial would be awarded. Thereupon plaintiff's attorney entered a remittitur of $2,500, and the court overruled the motion for a new trial, and entered judgment for $7,000 and costs for plaintiff. Defendant took this appeal.

WILLIAM H. GREEN, attorney for appellant.

HOFF & HOFF and J. P. JEFFRIES, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

It is not claimed on behalf of appellant that the negligence charged was not proven, or denied that personal injuries to appellee resulted therefrom. But we are asked to reverse the judgment for one, or all, of the following reasons: "First. The prejudice of the juryman Whitechurch, as shown by Hallam's affidavit, and the conduct of the jury as shown in the affidavit filed by appellee, are cause for a new trial."

"Second. The damages are vindictive and excessive, and therefore the verdict should have been set aside."

"Third. The statement of the court to the jury that the damages were excessive, and that in order to prevent the granting of a new trial the sum of $2,500 should be remitted, and the entering by appellee of a remittitur of $2,500, show that the verdict was not the verdict of the jury and should have been set aside."

As to the first reason, Hallam in his affidavit states, "that on January 17, 1894, said juror stated to affiant, 'I am prejudiced against the railroad company' (meaning the above defendant) 'and I don't deny it.' And he gave affiant to understand that said prejudice was pre-existing." Whitechurch, in his counter affidavit, flatly contradicts Hallam, and says he felt friendly to appellant and states why he felt so; and that part of his affidavit showing the difference of opinion expressed by the jurors during their retirement, at different times, as to proper measure of damages, even if proper to be considered, as tending to impeach the verdict, does not disclose unusual, or improper conduct on the part of the jury, but rather a free interchange of thought and fair discussion of a material question, to the end of reaching a conclusion all would agree was fair under the evidence. We see nothing in the first reason assigned requiring the reversal of the judgment. The second reason raises the question, what is the proper measure of damages under the established facts?

Appellee was an unmarried lady, thirty-five years of age, without any trade or occupation, living with her parents in Virginia. Before she received the injuries complained of, she enjoyed excellent health, was strong and active, and her physical condition unimpaired by any ailment or infirmity. As a result of said injuries, she suffered great pain for a long period, and yet at times suffers pain; she became, and continues to be unable to endure fatigue, or take active exercise as she had been accustomed to, and her nervous system is permanently shattered.

We have collated the following cases, some from each of the appellate districts of the State, affirming judgments for damages in cases like this, in amounts nearly approximating

the judgment in this case, and in several instances much larger. We have not cited decisions of the Supreme Court on this point because that court has uniformly held, since appellate courts have been organized in this State, that the measure of damages in actions like this is a question to be finally settled by the Appellate Court, and decline to interfere either upon the ground that the damages assessed are inadequate or excessive.

Where suffering in body and mind is the result of injuries caused by negligence, it is proper to take them into consideration in estimating the amount of damages.

In Chicago City Ry. Co. v. Wilcox, 33 Ill. App. 453, $15,000 were assessed as damages for the injury to a child. The court says these damages are large; that appellee is entitled to full compensation, not limited to making good the probable pecuniary loss to him of a leg; his life is wrecked, whether for business or for pleasure.

In Penn. Co. v. Backes, 35 Ill. App. 375, appellee's arm was crushed and had to be amputated. Jury found defendant guilty, and assessed damages at $6,000. The court declined to disturb the verdict.

In L. S. & M. S. Ry. Co. v. Hundt, 41 Ill. App. 220, plaintiff was a boy, eighteen years old, and in the service of appellant; earned $1.25 per day. He was severely injured; three of his fingers were amputated, the fourth rendered useless; the jury awarded $8,500 damages; plaintiff remitted $1,000 and took judgment for $7,500. Court says that the damages are liberal, above the amount usual in such cases. The appellee is not entitled to vindictive damages, only compensatory; but the law confines to the jury the fixing of the compensation, and they are not restricted to the pecuniary loss. We would not be justified in disturbing the verdict on the ground of excess.

In M. & O. v. Godfrey, 52 Ill. App. 564, court say, damages are claimed to be excessive. Evidence shows appellee is a physical wreck since his injury; before that time he was a sound, healthy man. It is very difficult to measure the damages for such an injury. On appeal, courts seldom sub-

stitute their judgment for that of the jury in estimating them without it is apparent the jury was influenced by prejudice or passion.   There is nothing in this record to indicate the jury was so influenced, without it is to be found in the amount of the verdict returned; while that amount is large, yet in view of the helpless condition of appellee and the pain and suffering he endures, we do not feel that we should substitute our judgment for that of the jury and the court below.

In M. & O. R. R. Co. v. Harmes, 52 Ill. App. 650, appellee was a brakeman in the employ of appellant; damages, $5,000, claimed to be excessive.   It is said this is a question for the jury to determine; unless the amount is so large as to indicate the jury in fixing that amount were influenced by prejudice or passion, the verdict given could not be set aside on the ground of excessive damages.   The jury saw the injured arm and character of the mutilation and heard the testimony of the plaintiff touching the pain and suffering that he had undergone and still suffered from his injury, and we can not say, in view of the evidence, the amount assessed was too large.

In Chicago Anderson Pressed Brick Co. v. Renbaiz, 51 Ill. App. 554, appellee was injured by having his hand caught in a defective machine of his employer; the jury assessed the damages at $12,500, of which sum $2,500 was remitted on suggestion of the court.   In the opinion it is said the verdict was, and the judgment is, for a large sum, but not so large as to shock our sense of remedial justice.

The judgment is the act of the judge of the court before whom the cause was tried, and there is more than the usual evidence of a careful consideration of the sum for which judgment should be rendered, as the court below did not enter judgment for the entire amount of the verdict, and we do not feel warranted in interfering with the conclusions of the trial court, and its judgment is affirmed.

In I. C. R. R. Co. v. Wheeler, 50 Ill. App. 205, appellee recovered $6,000 for injuries sustained while alighting from

one of appellant's trains.  He was seventy-two years of age
and was somewhat crippled and infirm in consequence of a
previous injury.  The evidence tended to show that appel-
lee up to the time of the injury was possessed of his normal
powers of articulation and speech; was a good penman;
but that because of the injury these several faculties were to
a considerable extent impaired; that his power of moving
about was impaired; he has continuous pain, and his capac-
ity to sleep has been seriously interfered with; and the
judgment was affirmed, the court holding the damages were
not so excessive as to warrant a reversal on that ground
alone.

. In Goldie v. Werner, 50 Ill. App. 297, appellee, a carpen-
ter, while working for appellant, was seriously injured by
the giving way of a scaffold over which he was carrying a
heavy piece of lumber.   The verdict was for $20,000; a remit-
titur of $12,500 was entered to prevent the granting of a new
trial; it was urged the giving of so large a verdict and re-
quiring of so great a remittitur, are evidence that the ver-
dict was the result of passion or prejudice, and so regarded
by the trial court.   Appellee was injured permanently,
crippled and disabled for life.

What sum is a proper compensation for his injury is a
matter concerning which men and jurors will differ largely.
We do not think that the very large sum shows that the
jury was actuated by prejudice or passion.   In a certain
sense, there is no adequate compensation for such injuries
as the plaintiff received.   The law has regard to human in-
firmities as well as man's necessities; it forbids the judge
to sanction a verdict he deems unjust, but it does not require
that he refuse to add his judgment, soberness and experi-
ence to the decision of the jury, and in so doing, to award a
result more equitable than either setting aside or wholly
affirming a verdict.

In J., A. & N. Ry. Co. v. Velie, 36 Ill. App. 450, appellee
was conductor and acted as brakeman for appellant, and
was run over by engine of appellant; his injury was severe;
the flesh of the leg was shoved up and pushed back, and the

foot was crushed, and he was crushed in the chest, and the ribs were torn loose from the breast bone; he is incapacitated from ever doing any labor, and has suffered great pain; his nervous system is so shattered that he is a perfect wreck. Verdict, $14,000 damages, held not to be excessive.

In C. M. & St. P. Ry. Co. v. Yando, 26 Ill. App. 601, $5,000 damages sustained. In C. M. & St. P. Ry. Co. v. Harper, 26 Ill. App. 621, verdict for $5,000 sustained. In C., B. & Q. R. R. Co. v. Sullivan, 21 Ill. App. 580, judgment for $5,000 damages affirmed. In C. & E. I. R. R. Co. v. Holland, 18 Ill. App. Report, 418, appellee was injured by a collision of the train in which he was a passenger, and the train of another railroad company; he was thrown against the back of a seat and seriously and permanently injured; $25,000 were assessed for the injuries. The plaintiff at the time of the injury was a healthy, robust man; age, thirty years; his injuries incurable; nervous prostration and debility; this condition has manifested itself in continuous suffering, in great nervous excitability, loss of appetite, and an almost complete and permanent loss of the use of his feet and lower limbs, etc.; damages held not to be excessive. The judgment of the court affirmed.

From the rulings in these cases the fair deduction is that compensatory damages recoverable for personal injuries, are not limited to those injuries which impair or destroy the ability of the person injured to earn money for his own support or for the support of his family, but in estimating such damages, pain and suffering, shattering of the nervous system, permanent physical injuries, reducing one to the condition of a physical wreck and hopeless invalid, incapacitated to enjoy the pleasures of life, whether the person injured was a wage earner or not, are proper elements to be considered by the jury in assessing damages, and by the court in entering judgment on the verdict; and on appeal, the court of review seldom substitutes its judgment on the question of damages in cases of this character, for that of the jury and court below, and ought not to do so with-

out it is apparent the jury were influenced by prejudice or passion in making the assessment.

As regards the third reason assigned, we do not think it follows, because the court stated after the argument on the motion for a new trial (but not to the jury, as counsel for appellant say) that the damages for $9,500 were excessive, and that $2,500 must be remitted, leaving the amount $7,000, that for such reason alone the judgment was for too much, or that the verdict ought to be set aside. In Libby et al. v. Scherman, 50 Ill. App. 131, it is said as to the action of the court in requiring a remittitur of $3,500 to be made under penalty of granting a new trial, " We do not think that appellant can complain of such action; the practice of refusing to enter judgment upon verdicts unless a portion thereof is remitted, is so common, and such action so promotive not only of justice, but of an ending of litigation, that it is almost essential to the proper conduct of a jury trial, that the court should possess such power." See also I. C. R. R. Co. v. Eberet, 74 Ill. 399. Having thus disposed of the reasons assigned for reversal adversely to appellant's contention, and perceiving no good or sufficient reason for reversal, we affirm the judgment.