13 So.2d 101

**BIRMINGHAM ELECTRIC CO. v. KENNEDY.**

6 Div. 949.

Court of Appeals of Alabama.

April 20, 1943.

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellant.

Taylor, Higgins & Windham and J. Howard Perdue, Jr., both of Birmingham, for appellee.

RICE, Judge.

This is an appeal by the defendant, Birmingham Electric Company, from a final judgment rendered in favor of the plaintiff, Juanita B. Kennedy (colored, age 28),

against the defendant on December 17, 1941, in the amount of $800.

The original complaint consisted of counts 1 and 2, one alleging negligence and the other wantonness. Before the trial was concluded, the plaintiff withdrew the wanton count and the case was presented to the jury solely on the simple negligence count. Count 1 avers that on, to-wit, the 16th day of March, 1941, the defendant was engaged in the business of operating a system of electric street railway cars in the City of Birmingham, Jefferson County, Alabama, for the carriage of passengers for hire or reward, and on said date the plaintiff, while a passenger on one of defendant's electric street railway cars, was injured as a proximate consequence of the negligence of the agents, servants or employees of the defendant while acting within the line and scope of their employment as such. A lengthy catalogue of injuries is contained in said count.

The defendant filed a demurrer to count 1 and same was overruled by the court, as shown by the minute entry, and defendant pleaded the general issue.

All that goes hereinbefore is taken bodily from the brief filed here on behalf of appellant. And it will serve as the basis for what we have to say.

In fact, most of what we shall have to say has already been said by the learned nisi prius judge presiding over the trial below.

In his oral charge to the jury he said, without objection—for indeed the evidence fully warranted his statements—these, among other things, to-wit:

"In reply to that the defendant says it is not guilty. By that plea, a plea which is known as the plea of the general issue, by that plea the defendant denies that it was guilty of any negligence causing injury to the plaintiff, and by that plea the defendant denies that the plaintiff was injured, and denies that she was injured to the extent she claims she was. In other words, the plea of not guilty is a general denial of everything the plaintiff claims in her complaint."

"Now, the plaintiff in this case says that they didn't perform that duty in so far as she is concerned, that they failed to use that highest degree of care, skill and diligence that the law imposed upon them, and that as a proximate consequence of that she was injured. The law says further to a common carrier of passengers that when a car, street car or railroad car either, but we are only concerned with a street car in this case, where a street car is derailed, *and it is undisputed in this case that this car was derailed,* that a prima facie presumption arises that the derailment of the street car was due to the negligence of the defendant company, the operator of the street car. The law says further that the burden of proof is on the operator of the street car, or the defendant in this case to acquit themselves of the negligence; that is, to reasonably satisfy you from the evidence that they in the operation of that car and the maintenance of that car and of that track, that they used the highest degree of care, skill and diligence that the law required them to exercise in the operation of that street car and the carrying of passengers.

"So, gentlemen, here as I say is a question of fact in regard to that negligence—a question of fact in regard to negligence, whether or not there was negligence, it being undisputed that the street car did derail, then, as I say, the presumption arises that that derailment was caused by the negligence of the defendant or some of the defendant's employees. However, under the law, the defendant can rebut that presumption, as it is only a prima facie presumption, *and if you are reasonably satisfied from the evidence in this case that the defendant has rebutted that presumption, that is, if you are reasonably satisfied from the evidence in this case that the defendant in and about the carrying of the plaintiff as a passenger and in and about the maintenance of the truck and the equipment, exercised that highest degree of care, skill and diligence that the law required of them, as I have explained to you, then the plaintiff would not be entitled to recover in this case, because if the defendant has rebutted the presumption of negligence and reasonably satisfied you that it exercised the highest degree of care, skill and diligence, the plaintiff would not be entitled to recover."* (Emphasis ours).

"The first question is whether or not there was negligence. The second is, whether or not the plaintiff was injured. If you are reasonably satisfied from the evidence that the plaintiff was injured as a proximate consequence of the *negligence* of the defendant as claimed in the complaint, this then is a question of fact for you to decide under all the evidence in this case, just what the nature and extent

of the plaintiff's injuries were. * * * As I say, it is for you to determine from all the evidence what the nature and extent of her injuries were."

"If you find from the evidence that the plaintiff is entitled to recover, after having found the nature and extent of her injuries, she would be entitled to recover such sum as would reasonably compensate her for any physical injuries she received as a proximate consequence of the derailment of the car, or any physical or mental pain which she suffered as a proximate consequence thereof. * * *"

"She (plaintiff) states that complaint in two ways, called counts of the complaint, Count 1 and Count 2, but Count 2 has been *eliminated* from your consideration, and you are only concerned with Count 1."

It will be seen from the above that the trial—it being conceded that the car upon which plaintiff was a passenger was derailed, and that she claimed varied injuries—was conducted exactly in accordance with appellant's "Proposition of Law, 1," as set out in its brief filed here, to-wit: "The fact that a street car derails raises a presumption of negligence on the part of the Street Car Company; however, it is a rebuttable presumption, and when evidence is adduced to rebut it, the question as to whether or not the derailment occurred due to negligence on the part of the company becomes a question of fact for the jury." And appellant's cited authority of Pollard v. Williams, 238 Ala. 391, 191 So. 225, in all respects sustains, rather than points a defect in, the general theory of the law outlined to the jury by the trial court by which the evidence was to be measured.

But the appellant says the trial court severally erred to a reversal in the refusal to give to the jury each of its written requested charges A, 14 and 21—which charges are set out in the report of this case.

■ Our answer to this contention is simply that, ignoring, as presently unimportant, the question of whether or not said charges, or any one of them, stated a correct, applicable, principle of the law, it is plainly apparent from the hereinabove quoted excerpts from the oral charge of the court that the substance of each of said written charges was fully covered by and included therein. This, of course, in and of itself, justified the court in their refusal. Code 1940, Tit. 7, § 273.

■ As for the refusal of the court to give to the jury appellant's written requested charge 15, we have only to say that said charge was abstract. The count under which punitive damages could have been awarded had been stricken from the complaint prior to the time the case was submitted to the jury. No evidence had been offered even tending to support said count. No argument had been, or was ever, made *claiming* that punitive damages could be awarded. The trial court instructed the jury, exactly, as to the measure of damages. And we simply fail to see any reason why he should have been required to instruct the jury that they *could not* award damages "for the purpose of punishing defendant." The cases cited by appellant on this question are easily and obviously distinguishable on their facts, and not apt.

■ The refusal to give appellant's written requested charges 5 and 8, made, severally, the subject of assignments of error 5 and 6, is not really argued in a way to require our attention. But, condoning that —as we believe we may—we might simply remark that the testimony in the case fully and amply warranted their refusal. They were incorrect statements—under the testimony.

It seems unnecessary for us to detail the injuries claimed by appellee, or her testimony offered in support of her claim.

■ Appellant's able counsel admit and concede "that there are some statements in the record (plainly meaning in the testimony) which might justify a verdict in the amount of $800.00." But they ask us to review the testimony and substitute our judgment as to what she should have received for that of the jury. Of course we can not do that.

■ What was said by our Supreme Court in the opinion in the case of Central of Georgia Railway Company v. White, 175 Ala. 60, 56 So. 574, 575, seems here apt, viz.: " 'As the question of damages is in such cases a matter of discretion for the jury, the trial court will not set aside a verdict for damages merely because in its opinion the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and court below. To such an extent is the measure of recovery, where not susceptible of a pecuniary esti-

mate, deemed a matter of discretion for the jury, that the universal rule is that a judgment will not be reversed on this ground alone, unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury.' "

We do not think the amount of the verdict in this case is indicative of either "prejudice, passion, partiality, or corruption on the part of the jury." As stated hereinabove appellant's brief all but admits the correctness of this conclusion. Elaboration is unnecessary.

The judgment is affirmed.

Affirmed.