# Richardson *v.* Birmingham Cotton Manufacturing Co.

*Action to recover Damages for Personal Injuries.*

1. *New trial; excessive damages* —A motion for a new trial, on the ground that the verdict and judgment were excessive. is properly granted, when the evidence shows that the damages awarded by the jury were in excess of the amount for which the plaintiff was, under the evidence, fairly entitled to judgment; and the fact that upon the hearing of such motion, the plaintiff offered to accept any reduction of the judgment which the court saw proper to make, and which in his opinion the evidence would justify, without offering to remit any specified sum as being in excess of the amount for which he was, under the evidence, justly entitled to recover, does not put the court in error in granting such motion, and in refusing to accede to the offer of the plaintiff to remit such part of the damages as the court, in its judgment, deemed to be fair and right.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This suit was brought by the appellant, W. D. Richardson, against the appellee, the Birmingham Cotton Manufacturing Company, to recover damages for injury to the plaintiff's daughter, about ten years of age, in the loss of the forefinger of her right hand, which injury it is alleged was caused by the negligence of the defendant or its employès, while the plaintiff's daughter was in the employment of the defendant.

Upon the rendering of verdict and judgment for the plaintiff, the defendant moved the court to grant

a new trial. The facts disclosed upon the hearing of this motion are sufficiently stated in the opinion.

The court rendered judgment granting a new trial, as moved for by the defendant. From this, judgment the plaintiff appeals, and assigns the rendition thereof as error.

A. A. COLEMAN, J. M. McMASTER and JOHN VARY, for appellant.—It was the duty of the court, upon the consent and application of the plaintiff, to remit any excess in damages awarded, over the amount the evidence showed the plaintiff was entitled to recover, and deny the motion for a new trial. This duty arises "Unless the evidence was so preponderating against the verdict and in favor of the action of the lower court setting it aside as clearly to convince the court that the verdict was not right, and unsupported by the evidence." This is the proper application and construction of the doctrine and authorities quoted and relied on by appellee's counsel and referred to in *Cobb v. Malone*, 92 Ala. 630; and in *White v. Blair*, 95 Ala. 147.

In actions *ex delicto*, if the plaintiff is willing to remit damages to the amount that the court may deem proper and in conformity with the evidence, a new trial should be refused.—*Union Roll. Mills v. Gellenn*, 100 Ill. 52; *Baker v. Madison*, 62 Wis. 137; *Patter v. R. R. Co.*, 22 Wis. 615; *Upham v. Dickinson*, 50 Ill. 97; *Vinal v. Core*, 18 W. Va. 1; *Benedict v. Cozzens*, 4 Cal. 381; *Collins v. Council Bluff*, 35 Iowa, 432; *L. & N. R. R. Co. v. Hodge*, 6 Bush. (Ky.) 141; *Branch v. Bass*, 5 Sneed (Tenn.) 366; *Steadman v. Simmons*, 39 Ga. 591; *King v. Howard*, 1 Bush. (Mass.) 137; *Howard v. Grover*, 28 Me. 97.; *New Jersey, &c., v. Mills* 26 N. J. Law, 60.

JAMES E. WEBB, *contra*, cited, *Cobb v. Malone*, 92 Ala. 630; *Bray v. Ely*, 105 Ala. 553; *Woodrow v. Hawving*, 105 Ala. 247; *White v. Blair*, 95 Ala. 147.

HARALSON, J.—The defendant, against whom judgment was rendered, moved the court for a new trial on several grounds as set out in the transcript, among which was that the verdict was, under the evidence, excessive. Evidence was introduced on both sides on the trial of this motion; and after said motion had been

submitted to the court, but before a decision had been rendered thereon, as the bill of exception states, "the plaintiff offered to accept any reduction of the said judgment which the court saw proper to make, and which in his opinion the evidence would justify, if the court thought the verdict of the jury excessive ; but the court refused to make any reduction of the verdict." Thereupon, the court granted said motion for a new trial in said cause, and in making his order, the judge said : "It is rarely I ever set aside the verdict of a jury, but I think this is a case where it ought to be done and a new trial granted." The plaintiff's counsel asked the court to state on what grounds the court granted the motion for a new trial, but the judge declined to do so, or to place his order on any particular ground. To the action of the court in setting aside the verdict and granting a new trial, the plaintiff excepted.

The only damages sought, related solely to the loss of the service of the child to the father, in the performance of menial duties. The plaintiff testified that he paid $10 to the doctor for amputation of the finger of the child, and $25 for nursing and caring for her; that a child of her age was worth for hire $5 per month, without disability of the hurt, and $2.50 with it. If his daughter was only eleven years of age when injured, for the ten years of her minority following, her services at $30 per annum would have been $300, which, added to the $35, actual expenses incurred, would have amounted to $335,—sixty-six dollars less than the verdict and judgment rendered. Another witness testified, that the loss of the finger would not reduce the amount of wages of such a girl for hire ; and still another, that the injury would not affect or diminish her hire more than about a dollar, or a dollar and fifty cents per month. In the estimation of these witnesses, the diminution of the wage earning capacity of the child, on account of the loss of her finger, ran all the way from nothing to $120, $180 and $300. The jury rendered their verdict for $401, from which, deducting $35, the only other expenses proved, and which were presumably included in the verdict, they found the damages for the loss of a finger to be $366,—sixty-six dollars in excess of the largest estimate of any witness.

In granting a new trial under the statute, we have

established the rule to be, 'that decisions granting them will not be reversed, unless the evidence plainly and palpably supports the verdict.—*Cobb v. Malone*, 92 Ala. 630, 635 ; *White v. Blair*, 95 Ala. 147.

The plaintiff, it will be noticed, did not offer to remit any specified sum as being in excess of the amount for which he was, under the evidence, fairly entitled to judgment. The proper practice required, that he should have stated the amount he was willing and offered to remit.   He had no *legal right* to require the court to substitute its judgment for the verdict of the jury upon a question of fact, which they alone were competent, in the beginning, to determine.   *Remittiturs* are favored by the courts in proper cases, for the promotion of justice and the ending of litigation ; but a case such as the one before us, where the evidence does not plainly support the verdict and judgment thereon, and where the party moving for a new trial did not consent, we cannot hold that the lower court erred in refusing to accede to the offer of the other party to remit such part of the damages as the court in its judgment might deem to be fair and right.—16 Am. & Eng. Encyc. of Law, 595 ; *Nudd v. Wells*, 11 Wis. 407 ; *Thomas v. Womack*, 13 Texas, 580 ; *La Salle v. Tift*, 52 Iowa, 164 ; *Hill v. Newman*, 47 Ind. 187.

We have considered the only ground of error insisted on by appellant's counsel.

Affirmed.