# Central of Georgia Railway Company v. White.

## Injury to Passenger.

(Decided November 16, 1911. 56 South. 574.)

1. *New Trial; Grounds; Excessive Damages.*—As the question of damages rests largely in the discretion of the jury in personal injury actions a trial court will not set aside a judgment merely because in its opinion it is excessive or inadequate, and where the trial court has declined to set aside the verdict, the appellate court will not substitute its judgment for that of the trial court and jury unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality or corruption on the part of the jury.

2. *Appeal and Error; Review; Amount of Damages.*—Unless the case presents extraordinary features, where the verdict is greatly above or greatly below the average, it is fair to infer that partiality, prejudice, or other improper motives, influenced the jury, thus justifying the setting aside of the verdict.

3. *Same.*—Where there had been two trials on substantially the same evidence, and there is a large discrepancy between the two verdicts, such will authorize the reversal of the judgment on the second trial, but unless the evidence on the two trials is substantially the same, the refusal of the court to set aside the verdict on the second trial, which was largely in excess of the verdict on the first trial, is not of itself erroneous.

4. *Same; Matters Considered.*—In arriving at what is a fair average of damages in similar cases, and determining whether the damages awarded are excessive or inadequate, the court of appeal, must resort to common knowledge, common experience, and general observation, and apply the same to the particular case in hand.

5. *Same; Presumption.*—In determining whether a verdict in a personal injury action is excessive, the court will presume that the jury found that the extent and nature of plaintiff's damages under plaintiff's evidence, was true and correct, although contradicted by defendant's evidence.

6. *Damages; Personal Injury; Excessive.*—The facts of the case stated and other authorities examined and it is held that a verdict for $16,000 approved by the trial court would not be disturbed on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Annie E. White against the Central of Georgia Railway Company, for damages for injuries re-

[Central of Georgia Railway Company v. White.]

ceived while a passenger. Judgment for plaintiff for $16,000.00, and defendant appeals. Affirmed.

LONDON & FITTS, for appellant. Counsel insist that the judgment was excessive and should be set aside, and a new trial ordered.—93 Pac. 155; 111 S. W. 542; 92 Pac. 691; 80 N. E. 349; 105 S. W. 160; 106 S. W. 242; 103 S. W. 1102; 99 S. W. 472 and 915; 215 Fed. 264; 51 N. E. 884; 60 N. E. 104; 64 N. E. 718; 54 Pac. 4; 81 S. W. 152; 91 S. W. 109; 77 S. W. 127; 79 N. W. 17; 54 N. Y. S. 958; 94 N. Y. S. 150; 46 S. W. 101; DuBois Psychic Treatment of Nervous Disorders, 357; Herrick's Railway Surgery, 624; 36 L. R. A. 586; 110 S. W. 520; 98 S. W. 1070; 46 South. 59; 80 Pac. 1002; 74 Pac. 1064; 77 N. Y. S. 395; 52 N. E. 21; 75 N. E. 797; 82 S. W. 827; 29 South. 990; 69 N. W. 900; 65 S. W. 959; 70 N. E. 855; 103 Wis. 27; 102 Mo. 438; 15 Daley, 374; 49 Am. Rep. 729. It is the function of the Supreme Court and the trial court in this regard to limit the exercise of the jury's discretion to reasonable, practicable and proper limits.—130 Ala. 256; 73 Ala. 248; 95 Ala. 148; 108 Ala. 233; 97 Ala. 171; 97 Ala. 194.

FRANK S. WHITE & SONS, for appellee. Counsel discuss the motion to dismiss the bill of exceptions, but in view of the opinion, it is not deemed necessary to here set it out. Counsel discuss the evidence, and insist that the court was without error in declining to set aside the verdict and grant the defendant a new trial.—*So. Ry. Co. v. Crowder,* 130 Ala. 265; *Mont. T. Co. v. Knabe,* 48 South. 505; *A. G. S. v. Bailey,* 112 Ala. 167; *Bir. T. Co. v. Revielle,* 136 Ala. 335; 3 A. & E. Enc. of Law, 628; *Cobb v. Malone,* 92 Ala. 633; *Ala. Mid. v. Johnson,* 123 Ala. 202; *Northern Ala. Ry. Co. v. Counts,* in MSS; *Mont. v. Wyche,* 169 Ala. 181; *Woodward I. Co. v. Sheehan,* 166 Ala. 429.

SOMERVILLE, J.—The plaintiff, a passenger, was injured in a train wreck on the defendant's road in May, 1907. In January, 1909, she had verdict and judgment for $16,000 as compensatory damages for her injuries, including mental and physical suffering. The defendant moved for a new trial on the ground that the verdict was excessive in amount, and now appeals from the judgment of the court overruling this motion.

On such an appeal the functions and powers of this court are correctly stated as follows:

"As the question of damages is in such cases a matter of discretion for the jury, the trial court will not set aside a verdict for damages merely because in its opinion the jury gave too much or too little. And, where a trial court has refused to disturb a verdict on account of the amount of the recovery, the appellate court is very reluctant to substitute its judgment for that of the jury and the court below. To such an extent is the measure of recovery, where not susceptible of a pecuniary estimate, deemed a matter of discretion for the jury, that the universal rule is that a judgment will not be reversed on this ground alone, unless the amount is so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury."—8 Am. & Eng. Ency. Law (2d Ed.) 628 (cited in *Montgomery Traction Co. v. Knabe,* 158 Ala. 458, 48 South. 501). To the same effect are Watson's Damages in Personal Injury Cases, §§ 311, 328, 329, 330; and 4 Sutherland on Damages, § 1256. See, also, *National Surety Co. v. Mabry,* 139 Ala. 225, 35 South. 698, where a substantially similar test is applied to verdicts involving punitive, as distinguished from compensatory, damages.

The practical application of this rule by appellate courts to verdicts challenged for this alleged vice is a matter of great difficulty as well as delicacy.

As a general guide, we approve the following statement by Mr. Sutherland: "There is no absolute rule to determine whether a verdict awards an excessive amount or not. It has been held that, if the sum allowed is much above or greatly below the average, it is fair to infer, unless the case presents extraordinary features, that partiality, prejudice, or some other improper motive has led the jury astray."—4 Sutherland on Damages, § 1256, p. 3669.

He adds in the same connection: "And if there have been two or more trials of an action, and the evidence has not been materially different as to the extent of the plaintiff's injuries, a large discrepancy between the final and the previous awards will authorize the reversal of a judgment for an amount greatly in excess of that first awarded. But the application of this rule depends upon the fact that the evidence is substantially the same on each trial." In the present case the defendant offered to show the fact of a former verdict for the plaintiff in this case for $10,000. There was no suggestion, however, that the evidence on the two trials was substantially the same, and hence we cannot put the trial court in error for not considering that fact; and, the fact itself not being properly before us, we can give it no weight here.

In arriving at what is a fair average of damages in similar cases, it is evident that the revising tribunal must resort to common knowledge, common experience, and general observation; and must then apply these to the particular case in hand.

The plaintiff, a woman 64 years of age, claims that she suffered great and enduring pain for many months after her injuries were received, and more or less regularly ever afterwards, due, as alleged, to severe concussion and contusion of her spine and pelvis, and result-

ing specifically in bladder disease, with chronic and permanent incontinence of urine, stiffness of neck, arms, and legs, and general impairment of health and strength, amounting to practical and permanent physical disability. She was confined to her bed, unable to move except slightly, and with torturing pain, for several weeks, and to her room for several months. Formerly able bodied and active, she has not been able since her injuries to attend to her own wants, and locomotion is difficult, painful, and dangerous. The tendency of the evidence offered in her behalf, including the testimony of herself, her daughter, her son-in-law, and her family physician, Dr. Moore, is to support and establish these claims with respect to her suffering and her physical disorders and disabilities; at least, it was open to the jury, in view of all the evidence, to reach conclusions favorable to plaintiff's claims.

For the purposes of this appeal, therefore, we must treat the case as if these injuries and resulting conditions were conclusively established by the evidence and figured in the findings and verdict of the jury; for, if we can reasonably do so, we are bound to attribute the size of the verdict to the effect of the evidence, rather than to passion, prejudice, or other improper mental attitude of the jury.

A large collection of personal injury cases reported in the various states, illustrative of the attitude and practice of juries and courts with respect to the amount of damages to be awarded and allowed as compensation where the injuries are permanent, and the pain and suffering more or less great and enduring, will be found in 4 Sutherland on Damages (3d Ed.) pp. 3670-3687. A study of these cases produces the impression that neither courts nor juries have any very definite notions or standards in dealing with this subject. We collate a few of the cases in which the plaintiffs were women, and

where an earning capacity apparently was not consid-ered in the estimation of damages:

"An injury to a woman in the prime of life whose pur-suits required all her physical faculties and which per-manently disabled her was not excessively compensated for by $3,500.—*Calder v. Smalley*, 66 Iowa, 219, 23 N. W. 638, 55 Am. Rep. 270.

"A verdict for $5,000 for injuries which permanent-ly destroyed the use of a lower limb of a healthy, active woman of 70 years was sustained.—*Hinton v. Cream City R. Co.*, 65 Wis. 323, 27 N. W. 147.

"A woman aged 57 was permanently deprived of the use of her left arm, her power to move was impaired, a shoulder bone broken, her spine injured and her general health affected, and her system rendered more liable to disease. A verdict for $5,000 was not excessive.—*Texas Pacific R. Co. v. Davidson*, 68 Tex. 370, 4 S. W. 636.

"In *Groves v. Rochester*, 39 Hun. [N. Y.] 5, the suit was by a husband and his wife to recover for injuries to the latter, who was 28 years of age when the accident occurred. The nature of the injuries is not fully dis-closed by the report, except that they were severe and her suffering has been very great. She still suffers from the effect of them; and medical opinion is that she may never fully recover, and that they may materially shorten her life. A verdict for $19,000 was sustained.

"In *Shaw v. Boston & W. R. Corp.*, 8 Gray [Mass.] 45, a woman lost one arm and the use of the other, and was much bruised and injured otherwise so as to great-ly injure and impair her health and memory and cause constant pain. There were three trials which resulted in verdicts for $15,000, $18,000, and $22,250, respective-ly. The last amount was held not to be excessive.

"An injury to a woman of 60 years, which resulted in progressive paralysis and disabled her from following

her business as a midwife (which was lucrative), was not excessively compensated for by $6,000.—*Wardle v. New Orleans, etc., R. Co.,* 35 La. Ann. 202.

"A verdict for $6,565 for injuries permanently and completely disabling, and leaving in a condition of suffering, a woman of 44, who had previously done all her housework and earned from $6 to $12 per week besides, was not disturbed.—*Miller v. Boone County,* 95 Iowa, 5, 63 N. W. 352.

"In a case in which there was great injury to the right arm and shouler, some of the internal ligaments of the shoulder joint being seriously ruptured, the plaintiff having suffered great pain for two years, her memory being impaired, and she being unable to perform services of any value, a verdict for $15,000 was not disturbed.—*Morgan v. Southern Pacific Co.,* 95 Cal. 510, 30 Pac. 603, 17 L. R. A. 71 [29 Am. St. Rep. 143].

"A verdict for · $7,000 in favor of an unmarried woman of 35, in excellent health, for injuries causing great pain and which disabled her for active exercise and permanently shattered her nervous system, was upheld.—*Illinois Central R. Co. v. Robinson,* 58 Ill. App. 181.

"Where the immediate injury, a wound on the knee, caused a nervous shock which resulted in the development of heart disease and a nervous disorder, both of which were probably permanent, and rendered the plaintiff, a previously healthy, active woman, a helpless invalid, a judgment for $10,000 was affirmed.—*Galloway v. Chicago, etc., R. Co.,* 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442, 45 Am. St. Rep. 468.

"A verdict for $17,000 in favor of a woman of 35 who was, previous to her injury, in good health and able to attend to all her household duties, was regarded as excessive for a partial disability, though much suffering

had been endured. Some stress was laid upon the fact that the plaintiff had not been earning money, and had **no qualification** for doing so, so far as the evidence disclosed.—*Louisville & N. R. Co. v. Creighton,* 106 Ky. 42, 50 S. W. 227, 20 Ky. Law Rep. 1691.

"The sum of $14,000 in favor of a woman of 35, whose previous health had been good, who suffered greatly and who must continue to suffer or submit to a surgical operation by which the injured organs may be removed, which operation might imperil her life, is not excessive. —*Illinois Central R. Co. v. Cheek,* 152 Ind. 663, 678, 53 N. E. 641."

In this state the only reported cases approximately like the instant case in the respects above noted are *Southern Railway Co. v. Crowder,* 130 Ala. 256, 30 South. 592, and *Montgomery Traction Company v. Knabe,* 158 Ala. 458, 48 South. 501. In *Crowder's Case* a woman whose age is not shown was awarded $15,000 by the jury, and the trial court declined to interfere. On appeal this court said, per Sharpe, J.: "Evidence which was undisputed tends to show that by her fall plaintiff sustained serious hurts, among which was a fracture of a bone in the hip joint in the treatment of which she was for several weeks kept prostrate with a weight suspended to her foot, and that this hip injury has resulted in impairment of plaintiff's general health and a permanent stiffening and shortening of her leg to an extent which will henceforth deprive her of its natural use. The jury was authorized to award for recovery a sum which would furnish reasonable compensation for these injuries and the suffering naturally attendant thereon. The law committed the ascertainment of that sum to the jury's discretion, and to the court the duty, in that regard, only of confining the exercise of that discretion to reasonably proper and practicable limits. In the record we do not find warrant for de-

claring that the trial court erred in determining these limits were not exceeded." In *Knabe's Case* a woman 75 years of age was awarded $12,500 by the jury, which was reduced by the trial court to $10,000. In this case the plaintiff's leg was amputated, and on appeal this court said, per Denson, J.: "* * * The testimony further showed that, while plaintiff was 75 years old, her physical condition prior to the injury had been very good for a lady of her age, that she was active, able to walk downtown and return, and attend to her flowers; that since the injury plaintiff suffers almost constantly and is very weak; that she cannot go about otherwise than in a roller chair, being too weak to walk on crutches. * * * Considering the elements of damage in the case, and remembering that the authority vested in courts to disturb the verdict of a jury on the ground of excessive damages is one which should be exercised with great caution and discretion, (we) are constrained, under the circumstances in proof, to hold that the ruling of the trial court declining to set aside the verdict after its reduction to $10,000 should not be disturbed." In view of the principles of law which temper and restrain our action, and in the light of the precedents before us, we are unable to say that we are reasonably satisfied that the large amount of this verdict is the result of passion, prejudice, partiality, or corruption on the part of the jury. As jurors, or as independent critics, we might not hesitate to disapprove a verdict which dispenses damages with so lavish a hand as this; but, as an appellate tribunal, whose revisory powers are guided and controlled by clearly defined limitations, we do not feel authorized to set it aside, especially in the face of the refusal of the trial judge to do so.

The judgment is affirmed.

Affirmed. All the Justices concur.