# Western Union Telegraph Co. *v.* North.

### *Failure to Promptly Deliver a Death Message.*

(Decided January 15, 1912.   Rehearing denied February 15, 1912.
58 South. 299.)

1. *New Trial; Amount of Recovery; Remission.*—It is within the discretion of the trial court to remit a part of the damages assessed after motion for new trial on the ground that the verdict was excessive.

2. *Appeal and Error; Excessive Verdict; Disposition.*—Under Acts 1911, p. 587, the appellate courts of this state are authorized to reverse a judgment for excessive damages on the failure of the plaintiff to remit such part of the damages as may be ordered by the court after notice to do so, or may affirm on condition that such damages are remitted.

3. *Telegraph and Telephones; Failure to Deliver Message; Damages.*—Damages for mental suffering, when properly recoverable are actual damages, and such damages may be recovered as actual damages against a telegraph company for a failure to promptly deliver or promptly transmit a death message.

5. *Same; Amount.*—A verdict of $1,500 is excessive in an action for delay in delivering a death message causing mental anguish because of the sendee's inability to be present at the funeral, and should be reduced to the sum of $500.

5. *Same; Excuse.*—Where the company failed to deliver a death message in the proper time, it will not be excused from damages for mental anguish thus caused, though after its delivery the sendee would have had time to reach her home before the funeral of her mother took place, where the sendee was not informed that the funeral had been postponed to a later date than named in the telegram, so as to make it possible for her to attend.

APPEAL from Montgomery Circuit Court

Heard before Hon. W. W. PEARSON.

Action by Mrs. G. P. North against the Western Union Telegraph Company for delay in delivery of a death message. Judgment for plaintiff, and defendant appeals. Affirmed on condition of a remittitur of some of the damages by the plaintiff.

GEORGE H. FEARONS, RAY RUSHTON, and WILLIAM M. WILLIAMS, for appellant. The verdict was against

the law and the.evidence, and defendant was entitled to new trial although a remittitur was offered by plaintiff.—27 A. & E. Enc. of Law, 1035; *W. U. T. Co. v. Emerson,* 161 Ala. 221. The testimony showed notwithstanding the delay Mrs. North could have attended the funeral of her mother, and has therefore failed to establish that her failure to attend the funeral resulted from the delay.—*W. U. T. Co. v. Emerson, supra; W. U. T. Co. v. Leland,* 156 Ala. 334; 47 N. E. 473; 105 S. W. 157; 44 S. E. 558; 51 S. E. 537; 50 S. E. 6; 113 S. W. 10; 26 S. W. 490; 81 S. W. 69; 19 A. & E. Enc. of Law, 300. The damages awarded were grossly excessive.—13 Cyc. 123-4; 67 S. W..159; 2 Tex. Civ. App. 517. The court was without right to reduce judgment to $1,500 without the consent of defendant.—13 Cyc. 135; 104 Ill. App. 131; 37 Kan. 567; 54 Pac. 507; 89 Tenn. 661; 69 Tex. 730; *Richardson v. Birmingham M. Co.,* 116 Ala. 381.

HILL, HILL, WHITING & STERN, for appellee. The court had the right to remit part of the damages after motion for new trial had been made.—*Montgomery T. Co. v. Knabe,* 158 Ala. 458; *Downs v. Bailey,* 135 Ala. 329; *Richardson v. Birmingham C. M. Co.,* 116 Ala. 381. As remitted the verdict was not excessive.—*W. U. T. Co. v. Rowell,* 166 Ala. 651; *Same v. Snead,* 115 Ala. 672; *Same v. Hill,* 163 Ala. 18; *Same v. Fuel,* 51 South. 571. The law imposed the duty of transmitting and delivering with all reasonable diligence.—*W. U. T. Co. v. Krichbaum,* 132 Ala. 539; *Same v. Hill, supra.* Damages for mental anguish were recoverable as actual damages in this case.—*W. U. T. Co. v. Haley,* 143 Ala. 586; *Same v. McMorris,* 158 Ala. 574. Under these authorities, it must be held that there was no error in denying the motion for a new trial. On rehearing

counsel insist that the court was in error in reducing the judgment with affirmance on an acceptance of a reduction by the plaintiff, or plaintiff failing to accept it in reversing and remanding for excessive verdict.— *Cobb v. Malone,* 92 Ala. 633; *C. of G. v. White,* 56 South. 575; *Montgomery T. Co. v. Knabe, supra; W. U. T. Co. v. Snead, supra.*

McCLELLAN, J.—Action for damages for delay in delivery of the following telegraphic message, respecting the death of plaintiff's (appellee's) mother: "Mother is dead, holding body, wire at once." The message was sent, by plaintiff's brother, from Freeland, Mich., on Saturday, August 7, 1909. It was received in Montgomery, its destination, on that date. As originally filed with the defendant, its address contained this, "903 North Decatur St." As received at Montgomery, its only street address was, "Decatur Street." It was delivered Monday, August 9, 1909. An element of the damages claimed was that plaintiff was prevented by the delay in the delivery of the message from attending the burial of her mother and from seeing her before her burial. The only errors assigned relate to the action of the court in overruling defendant's motion for a new trial.

The verdict assessed the damages at $2,000. One ground of the motion was that the amount was excessive. Before the motion was disposed of, plaintiff remitted the damages down to $1,500, whereupon the court gave effect to the remittitur and reduced the amount to that sum. Such a practice has the approval of this court.—*Montgomery Trac. Co. v. Knabe,* 158 Ala. 458, 468, 48 South. 501; *Richardson v. B'ham Mfg. Co.,* 116 Ala. 381, 22 South. 478; *Downs v. Bailey,* 135 Ala. 329, 33 South. 151. No reason now appears to de-

21—177

part from it. It tends to put an end to litigation. From the practice no prejudice to a defendant could attend. He may always, as in this case, recast his motion so that the ruling of the trial court may be had upon the question whether, as reduced, the amount is excessive. If it be not so, obviously the defendant is not prejudiced.

In cases involving similar circumstances this court has declined to disturb verdicts assessing the damages at $1,500.—*W. U. Tel. Co. v. Seed,* 115 Ala. 672, 22 South. 474; *W. U. Tel. Co. v. Rowell,* 166 Ala. 651, 51 South. 880. Like considerations lead the court to forbear in this instance.

It is argued at length, for appellant, that the verdict of the jury is against the law and the evidence.

Whatever may be the view prevailing elsewhere, this court is thoroughly committed to the doctrine that damages for mental suffering, when properly recoverable, are actual damages.—*W. U. Tel. Co. v. Haley,* 143 Ala. 586, 591, 39 South. 386; *W. U. Tel. Co. v. Adair,* 115 Ala. 441, 22 South. 73; *W. U. Tel. Co. v. McNair,* 120 Ala. 99, 23 South. 801, and authorities therein cited; *W. U. Tel. Co. v. McMorris,* 158 Ala. 563, 48 South. 349, 132 Am. St. Rep. 46; *W. U. Tel. Co. v. Fuel,* 165 Ala. 391, 51 South. 571, among others.

The relationship between the persons concerned in this instance afforded, under many adjudications here, the basis for the recovery of the damages for the deprivation alleged. So the latter branch of the inquiry is whether there was furnished the jury any evidence wherefrom the jury might conclude that the plaintiff suffered the mental anguish alleged in consequence of delay charged. There was evidence tending to show that, had the message been promptly delivered at the street address given in the message as filed, plaintiff

[Western Union Telegraph Co. v. North.]

would have gone to the bier of her mother; and, also, that in consequence of her not being afforded the opportunity to see her mother in death and to attend the burial she suffered mental distress. Whether these tendencies of the evidence were to be credited was, of course, for the jury to decide. If so credited by the jury, it is clear from this record that the verdict is not opposed to the law and the evidence as the movant contends.

In this connection it is further argued, upon proof of the fact, that the burial of plaintiff's mother did not take place until 27 hours after plaintiff could have arrived at Freeland, Mich., had she left Montgomery on the morning of August 10th, the next day after the message was actually delivered to her; and that, in consequence, the delay in delivery of the message was not the proximate cause of the damage arising from the deprivation alleged. The fault in the argument lies in the fact that it was not shown that plaintiff *knew* of the deferring of the burial to await advices from plaintiff and other interested persons. If she had been informed—advised that by leaving on the 10th she would reach the place in time to view the body and to attend the burial—the elements of damage in question must have been attributed to other cause or causes than the delay in delivery of the message.

No error being shown, the judgment must be affirmed.

Affirmed.

PER CURIAM.—A majority of the court are of opinion that there is no reversible error in this record other than the refusal to grant a motion for a new trial because of excessiveness of the verdict. Under the Act of 1911, p. 587, they think that a verdict of $500 is

sufficient, and if the plaintiff will remit all in excess of said sum, the judgment will be corrected and affirmed, unless the defendant's counsel objects thereto under the proviso of said act. Counsel for the appellee is given 10 days within which to file their acceptance or rejection of the verdict as reduced. Counsel for appellant is given 10 days within which to file an acceptance or rejection of the reduction in the verdict after the acceptance by the appellee, if there be an acceptance. The clerk will mail copy of this to Hill, Hill & Whiting, Ray Rushton, and Wm. Williams, and will record the original on the minutes of the court, together with the acceptance of the reduction in which event this case is corrected and affirmed.