(87 South. 158)

### JOHNSON v. LOUISVILLE & N. R. CO.
### (6 Div. 42.)

(Supreme Court of Alabama.    April 8, 1920. Rehearing Denied Nov. 18, 1920.)

**I. New trial ⟨⇒⟩162(I)—Court cannot reduce verdict without plaintiff's consent.**

The right of the trial court to reduce a verdict of the jury which it regards as excessive as a condition to denial of new trial is based on the consent of the plaintiff to such reduction, and where plaintiff refuses to consent thereto the only power the trial court has is to grant or overrule the motion.

#### On Rehearing.

**2. Appeal and error ⟨⇒⟩1180(2) — Separate cross-appeal dismissed after reversal of main appeal.**

Where the reversal of a judgment on the main appeal in the case has rendered moot the subject of a cross-appeal improperly brought up by separate transcript contrary to Supreme Court Rule 3 (Code 1907, p. 1507), the cross-appeal will be dismissed.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Action by Jesse Johnson against the Louisville & Nashville Railroad Company for damages for failure to deliver household goods. After judgment for plaintiff from which defendant took an appeal, plaintiff filed separate cross-appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded, and cross-appeal dismissed.

Pinkney Scott, of Bessemer, for appellant.

Counsel discuss the errors assigned; but, in view of the prevailing opinion, the authorities are not here set out.

Tillman, Bradley & Morrow, of Birmingham, and Huey & Welch, of Bessemer, for appellee.

Counsel discuss errors assigned on the original submission, but on rehearing they insist cross-appeal was not properly taken

and that the questions presented have become moot.

McCLELLAN, J. The previous appeal of this with a companion cause is reported in 202 Ala. 640, 81 South. 582–584. In response to defendant's motion for a new trial—containing a ground that the amount of the verdict (i. e., $500) was excessive, and manifested passion, prejudice, etc.—the court made this order:

"September 11, 1919, judgment· for damages and unlawful detention of property sued for reduced to $150.00 in the case of Jesse Johnson against the defendant and motion to set aside verdict and judgment overruled."

[1] The plaintiff (appellant) not only did not consent to this reduction, but "excepted" to the action thus taken. The trial courts in this state are without power or authority to reduce the amount of a verdict—with a view to removing the part that is excessive—unless the plaintiff, on hearing of defendant's motion for new trial taking the objection that the amount of the·verdict is excessive, offers to remit the excess, definitely stated, or accepts the tender of the court to overrule the motion if the excess, definitely stated, is remitted by the plaintiff. Montgomery Traction Co. v. Knabe, 158 Ala. 458, 468, 48 South. 501; Richardson v. B'ham Cotton Co., 116 Ala. 381, 384, 22 South. 478. The basis of this wholesome practice is, manifestly, the "consent of the plaintiff" to the reduction of the amount of the verdict to the extent that it may be purged of its prejudicial, erroneous quality. In the Act approved September 17, 1915 (Gen. Acts, p. 610) a like practice on appeal is prescribed. Unless a plaintiff consents to a reduction of a verdict, or enters a remittitur, before a motion for new trial complaining that the verdict is excessive is disposed of by the trial court, the only power, in this regard, the trial court has is to grant or overrule the motion.

The order quoted above is affected with error. It is reversed, with direction to the trial court again to hear and pass upon grounds 63 to 66, inclusive, of the motion for new trial.

Reversed and remanded with directions.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. [2] The main appeal in this case (L. & N. R. R. Co. v. Johnson) having been subsequently reversed and remanded on the authority of L. & N. R. R. Co. v. James, 86 South. 906,[1] decided by the Supreme Court, the subject of this cross-appeal by Johnson has become moot; and this cross-appeal (improperly brought up by separate transcript, Sup. Ct. Rule 3, Code, p. 1507) is therefore dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.