(100 South. 336)

**CUMBEE v. EADY–BAKER GROCERY CO. (5 Div. 887.)**

(Supreme Court of Alabama.   May 22, 1924.)

**1. Trial ⊚⇒143—Issue on which evidence conflicting for jury.**

An issue on which the evidence is in conflict is for the jury.

**2. Evidence ⊚⇒471(34)—Permitting bookkeeper, stating that he has personal knowledge, to testify that full amount of note representing account still due not erroneous.**

Where plaintiff's bookkeeper, in an action in trover for conversion of mortgaged cotton, stated that he had personal knowledge of the account and that the note representing it was not paid, it was not erroneous to permit the witness to further testify that the full amount of the note was still due.

**3. Appeal and error ⊚⇒1058(1)—Rejection of testimony subsequently admitted without objection not prejudicial.**

The rejection of testimony subsequently admitted without objection is not prejudicial.

**4. New trial ⊚⇒162(5)—Reduction of verdict on denial of motion approved.**

On motion for new trial, the court's action in reducing the amount of the verdict, plaintiff's consent, and judgment accordingly, is approved.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Action for conversion by the Eady-Baker Grocery Company against A. Z. Cumbee. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Jas. A. Hines, of Lafayette, for appellant.

It was error to permit the witness Fuller to testify that the full amount of appellant's paper was still due. Brooklyn L. I. Co. v. Bledsoe, 52 Ala. 538; Moore v. Penn. Co., 95 Ala. 200, 10 South. 343. The witness Mrs. Cone should have been permitted to relate what she said to Mr. Kirby about a mortgage having been executed to appellant. Lomax v. LeGrand, 60 Ala. 537; Boggs v. Price, 64 Ala. 514; M. & M. v. Felrath, 67 Ala. 189. It was improper for the court to substitute its judgment for that of the jury in suggesting a reduction of the damages. 29 Cyc 839, 1011, 1025, 1031; Richardson v. Birmingham Cot. Mfg. Co., 116 Ala. 381, 22 South. 478.

Morrow & Moore, of West Point, Ga., and Denson &.Denson, of Opelika, for appellee.

There was no error in rulings on evidence. Richards v. Herald Shoe Co., 145 Ala. 657, 39 South. 615; Alfred Shrimpton & Sons v. Brice, 109 Ala. 640, 20 South. 10; 40 Cyc. 2423. Remittiturs are favored by the courts. Cook & Laurie Con. Co. v. Bell, 177 Ala. 618, 59 South. 273; W. U. Tel. Co. v. North, 177 Ala. 319, 58 South. 299; Montg. Tr. Co. v. Knabe, 158 Ala. 458, 48 South. 501; Johnson v. L. & N., 204 Ala. 662, 87 South. 158.

GARDNER, J.   Action in trover by appellee against appellant for the conversion of a number of bales of cotton embraced in a mortgage executed to plaintiff by a Mrs. Clayton Cone on January 21, 1921, and duly recorded January 22, 1921.

[1] Defendant sought to justify his conversion of the cotton by reason of a prior crop mortgage executed by Mrs. Cone to himself on January 15, 1921, but which was not recorded until subsequent to the recordation of plaintiff's mortgage, to wit, January 27, 1921. Defendant insisted, however, that at the time of the execution of plaintiff's mortgage actual notice was given of the defendant's said mortgage; but as to this the evi-

dence was in conflict and left for the jury's determination.

[2] One Sid Fuller was secretary of the plaintiff company, kept the books, and stated he had "personal knowledge" of Mrs. Cone's account, and that her note had not been paid. The court committed no error in permitting the witness to further testify that the full amount of the paper was still due. Richards v. Herald Shoe Co., 145 Ala. 657, 39 South. 615. Moreover, the witnesses testified without objection, as to the items of the account due by Mrs. Cone, and the amount of the indebtedness was not a controverted issue in the cause.

[3] The action of the court in sustaining plaintiff's objection to the question addressed to Mrs. Cone, which constitutes the third assignment of error, could well be justified upon the ground the question was a leading one. In no event, however, did defendant suffer any injury, as the witness subsequently stated fully as to what she said to Kirby, and her husband testified likewise—all without objection.

[4] One of the grounds of the motion for a new trial was that the verdict was excessive. Upon hearing the motion the court announced that in his opinion the verdict was excessive to the extent of $375, and that unless plaintiff would submit to a deduction of the damages to that extent the motion for a new trial would be granted. The plaintiff then in open court announced that it would consent to such deduction as suggested by the court, and the judgment was entered accordingly. Such a practice tends to put an end to litigation, and has the approval of this court. Western Union Tel. Co. v. North, 177 Ala. 319, 58 South. 299; Johnson v. L. & N. R. R. Co., 204 Ala. 662, 87 South. 158. The case of Richardson v. B'ham. Cotton Mfg. Co., 116 Ala. 381, 22 South. 478, cited by counsel for appellant, is readily distinguishable.

The remaining assignment of error relates to the action of the court in overruling the motion for a new trial upon the ground the verdict was contrary to the great weight of the evidence. The rule by which this court is governed upon questions of this character is well understood, and needs no discussion. The evidence has been carefully considered, and we will not enter into discussion of it here. Suffice it to say the conclusion has been reached that the judgment of the court below should not here be disturbed upon this ground.

We have considered the assignments of error argued in appellant's brief, and finding no reversible error, the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.