71 So.2d 281

GANEY et al.

v.

HENLEY.

4 Div. 758.

Supreme Court of Alabama.

March 18, 1954.

J. C. Fleming, Elba, for appellee.

Baldwin & Baldwin, Andalusia, for appellants.

LAWSON, Justice.

Mrs. Buner Mae Henley has paper title to the SE¼ of the SW¼, Section 26, Township 4, Range 16, in Covington County. W. D. Ganey has paper title to the SW¼ of the SE¼ of the same section. The Ganey land lies immediately east of the land of Mrs. Henley.

In December 1951 agents of Mrs. Henley cut a number of trees from land which Mrs. Henley contended belonged to her. W. D. Ganey took the position that the trees had been cut on land belonging to him and shortly after the trees were cut Charles Allen Ganey, acting in accordance with directions given him by his father, W. D. Ganey, removed a number of the logs which had been felled by Mrs. Henley's agents and sold them.

Thereafter this suit was filed in the circuit court of Covington County by Mrs. Henley against W. D. and Charles Allen Ganey. There were three counts in the complaint.

In Count One the plaintiff charged defendants with trespass de bonis asportatis, often referred to in our decisions as trespass to goods or trespass to personalty. Form 25, § 223, Title 7, Code 1940; Miller-Brent Lumber Co. v. Lunday, 175 Ala. 160, 57 So. 722.

Count Two was in trover, claiming damages for the conversion of a stated number of pine, gum and oak logs, the property of the plaintiff. Form 26, § 223, Title 7, Code; White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A. 199.

Count Three was for trespass to realty. Form 28, § 223, Title 7, Code 1940; Ford v. Sellers, 257 Ala. 404, 59 So.2d 799. See Riggin v. Hogg, 203 Ala. 243, 82 So. 341.

The defendants did not file demurrer to the complaint. The case went to the jury on all three counts of the complaint and the defendants' pleas of the general issue.

The jury returned a general verdict in favor of the plaintiff in the sum of $500.

The defendants duly filed their motion for a new trial, some grounds of which took the point that the verdict was excessive. After hearing on the motion for new trial, the trial court announced that in his opinion the verdict was excessive to the extent of $49 and that unless plaintiff would submit to a reduction to that extent, the motion for a new trial would be granted. Plaintiff having consented to such reduction, a judgment was entered accordingly and the motion for new trial was denied.

■ This court is definitely committed to the proposition that a plaintiff, who has secured an excessive judgment, may remit a definite amount thereof, and thereby prevent a new trial on that ground. Kraas v. American Bakeries, 231 Ala. 278, 164 So. 565; Cumbee v. Eady-Baker Grocery Co.,

211 Ala. 316, 100 So. 336; Western Union Tel. Co. v. North, 177 Ala. 319, 58 So. 299.

■ There are eighteen assignments of error, but only seven of them are mentioned in brief filed here on behalf of appellants. Assignments of error not argued in brief of appellant are treated as waived. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579.

It is not argued here that the evidence was not sufficient to present questions for jury decision under each count of the complaint.

At the commencement of the trial, it was stipulated that the trees which plaintiff cut and which the defendants later removed and sold were cut from an area claimed by both plaintiff and the defendant W. D. Ganey. The disputed area or strip of land is approximately eight feet wide at its southern end, but considerably wider at its northern end. It extends from the southern to the northern boundary of the property here involved. It is a wooded area.

It is without conflict in the evidence that the disputed area lies east of a fence which starts at the southern boundary of plaintiff's property and runs in a northwesterly direction. It is also without conflict that the disputed area is within the description covered by the plaintiff's paper title.

The defendants claimed possession and ownership of the disputed area on the theory that for more than ten years the owners of these two pieces of property had agreed on the fence as the dividing line and each had held possession up to the fence, claiming ownership during that period of time. See Smith v. Bachus, 195 Ala. 8, 70 So. 261.

But the evidence for the plaintiff was to the effect that the fence had never been considered as the boundary line; that the fence was erected merely to separate the cultivated land from the wooded area; that she and her predecessors in title had always been in possession of the disputed area and were in possession at the time the trees were felled.

■ It is urged that the trial court erred in overruling the grounds of the motion for

a new trial taking the point that the verdict was contrary to the great weight of the evidence. The rule by which this court is governed upon questions of this character is well understood and needs no discussion. Cobb v. Malone, 92 Ala. 630, 9 So. 738. The evidence has been carefully considered and we will not enter into a further discussion of it here. Suffice it to say the conclusion has been reached that the judgment of the court below should not be here disturbed on this ground. See Cumbee v. Eady-Baker Grocery Co., supra.

During the examination of the plaintiff she was asked the following question: "Now tell the jury on what land those 178 logs were cut." Counsel for defendants objected and then excepted to the action of the trial court in overruling the objection. The witness replied: "On my 40 acres." It is argued here that the trial court erred to a reversal in overruling the defendants' objection to the question set out above. We cannot agree. The question was not objectionable. It did not seek to elicit testimony as to ownership of the land where the trees were cut, but as to the location of the area from which the trees were felled and, therefore, called for testimony clearly relevant and competent. Where questions are in themselves proper and call for legal and competent evidence, but the answer is objectionable, the objection, in order to be availing, should be followed by a motion to exclude the objectionable answer. Bibby v. Thomas, 131 Ala. 350, 31 So. 432; H. Curjel & Co. v. Hallett Mfg. Co., 198 Ala. 609, 73 So. 938. The question as framed did not call for a conclusion of the witness as to the boundary line, as was the situation in Upton v. Read, 256 Ala. 593, 56 So.2d 644.

A. J. Catrett, a witness for defendants, testified he remembered an occasion back in 1948 when J. N. Henley pointed out a land line to Will Huckabaa and C. O. Jones. But the trial court sustained plaintiff's objection to a question propounded to this witness as to where J. N. Henley said the line was between the two pieces of property involved here. Reversible error is not made to appear as to this ruling of the trial court. Nowhere during the examination of the witness Catrett is J. N. Henley identified nor is there any explanation of why he was pointing out land lines at the time inquired about. It had been brought out previously that J. N. Henley is the husband of the plaintiff. He had owned both tracts of land at one time. But he was not the owner in 1948 of the land now owned by plaintiff and it does not appear that he was in possession of the land at the time inquired about. J. N. Henley, according to testimony previously elicited, was shown to have sold the land now owned by Ganey to C. O. Jones in 1948. But from aught that appears, he sold to Jones prior to the occasion about which inquiry was made and it is clear that Jones went into possession after his purchase. For aught that appears J. N. Henley was neither the owner nor in possession of either tract of land on the occasion inquired about. It is not contended that plaintiff was present. We are of the opinion, therefore, that the trial court cannot be put in error as to this ruling. See Pounders v. Nix, 222 Ala. 27, 130 So. 537.

As we understand the record, the trial court excluded all of the testimony of the witness Buddy Thomasson which could have in any way prejudiced the defendants.

The remaining assignments of error are based on the action of the trial court in refusing the defendants' written requested charges 6, 11 and 12. There was no reversible error committed in refusing these charges. The principle of law stated, or attempted to be stated, in these charges was fairly and substantially covered in the court's general charge and in written charge 5 given at the request of the defendants. § 273, Title 7, Code; Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

We have considered the assignments of error argued in appellant's brief and finding no reversible error, must affirm the judgment of the trial court.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.