# Western Union Telegraph Co. *v.* Dunlap..

### *Damages for Delay in Delivery of Message.*

*Telegraphs and Telephones; Message; Delivery; Damages.*— Where it appeared that the sendee arrived before the funeral of her father, and that she could not have arrived before his death had there been no delay in the delivery of the message, and no wantonness was shown, a verdict for $700 for delay in delivering a telegram announcing that the sendee's father was near death, was excessive.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Laura Dunlap against the Western Union Telegraph Company for damages for delay in delivery of telegram. Judgment for plaintiff in the sum of $700, and defendant appeals. Reversed and remanded be cause of excessive verdict, unless remittitur is entered, which being done, the cause is affirmed.

CAMPBELL & JOHNSON, and BROWN & KOENIG, for appellant. Counsel discuss the action of the court on the pleading, and in the refusal of charges requested, citing authorities in support of their contention, but in view of the opinion it is not deemed necessary to here set them out. They further insist that the verdict was excessive in view of the fact that no wantonness was charged or shown.—*W. U. T. Co. v. North,* 58 South. 299; *Florence Co. v. Fields,* 104 Ala. 480; 10 Am. St. Rep. 367; 28 Am. Rep. 338; 28 Am. Rep. 582; 14 S. W. 566.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. The verdict was not excessive, as mental pain and anguish are elements of actual damage in cases of this character.—*W. U. T. Co. v. Hale,* 143 Ala. 586; *W. U. T.*

*Co. v. Seay,* 115 Ala. 670; *C. of Ga. v. White,* 56 South. 574. Counsel discuss other assignments of error, which are not necessary to be here set out.

MAYFIELD, J.—This action is in case, to recover damages on account of delay in the delivery of the following telegraphic message: "Jemison, Ala. Laura Dunlap, Wilsonville, Ala. Come at once for your father is almost dead. Ivan Langston." The message was received at the sending office between 8 and 9 a. m., April 16, 1912, and reached the delivering office at 9 a. m., but was not delivered to the sendee until 1:20 or 1:30 p. m. of that day. The only possible negligence was this delay. In consequence thereof it was a question for the jury, under the proof, to say whether or not plaintiff would have left Wilsonville earlier than she did, had she received the message promptly, as there were one or two trains leaving that station, that day, on either of which plaintiff could have taken earlier passage to her destination, which was Jemison, Ala. Plaintiff left Wilsonvile on the 4:30 p. m. train, but it was 30 minutes late, and she therefore reached Calera after the 5:15 train on the Louisville & Nashville Railroad had left that station for Jemison; and she spent the night at Calera and took the morning train for Jemison, arriving at Jemison at 7:56 a. m.

The plaintiff could have gotten a conveyance at Calera, and have driven to Jemison in about an hour and a half, but instead she spent the night at Calera, paying a dollar for her lodging. When she reached Jemison, or her father's home, which was about a mile and a half from Jemison, she learned that her father had died about 10 o'clock the day before. She attended the funeral that afternoon.

It therefore conclusively appears that she could not have reached her father before his death, even had the

message been delivered promptly; and, as she was in ample time to attend the funeral, these two elements of damages, usual in such cases, were wanting.

There was a verdict and judgment, however, for $700. The trial court declined to set this verdict aside on the defendant's motion for a new trial, based on the ground, among others, that the verdict was excessive.

We find no error in the trial court's refusing any one of the defendant's requested charges. They were each in effect the affirmative charge for the defendant, or to the effect that the plaintiff could recover only the cost of sending the message, or that plaintiff could not recover as for mental anguish.

While the amount of plaintiff's damages was, under the evidence, a question for the jury, we are decidedly of the opinion that the verdict was so excessive as to require the trial court to set it aside and award the defendant a new trial. There was not any count, nor even a claim, that there was any wantonness as to the delay in delivery of the message; and we see no basis in, or tendency of, the evidence to support a verdict for the amount awarded here. While, as before stated, the amount of the damages in this case is for the jury to say, yet we will say, in the language of another, that it is for another jury, and not this one, unless the plaintiff (appellee here), by virtue of the act of the Legislature approved April 21, 1911 (Acts 1911, p. 587), shall within 30 days from the date of this decree, remit $550 of the verdict and judgment recovered, and agree to accept a judgment for $150, and the defendant (appellant here) shall agree to accept such reduction of the judgment appealed from, in which event the judgment appealed from will be so corrected as to amount and, as corrected, affirmed. On the other hand, if such remittance be not made by the plaintiff within the time indi-

cated, and so accepted by the defendant, then a judgment will be here entered reversing the judgment of the lower court and remanding the cause for a new trial.— *Central of Georgia Ry. Co. v. Stevenson,* 3 Ala. App. 313, 57 South. 494; *Western Union Telegraph Co. v. North,* 177 Ala. 319, 58 South. 299. All the Justices concur, except DOWDELL, C. J., not sitting.

*Damages for Delay in Delivery of Telegram.*

